# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 30, 2012

Lyle W. Cayce
Clerk

No. 11-20622

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

TED RUSSELL SCHWARTZ MURRAY,

Defendant - Appellant

------------------------------------------

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

TED RUSSELL SCHWARTZ MURRAY, JEFFREY CARL WIGGINTON, SR., DAVID ISAAC LAPIN,

Defendants - Appellants

Appeals from the United States District Court
for the Southern District of Texas

Before HIGGINBOTHAM, ELROD, and HAYNES, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

No. 11-20622

Federal district courts have only limited authority to modify final judgments in criminal cases. The district court reopened three sentences that it had imposed more than six months earlier, adding to each a requirement that the defendant make restitution. Because the court lacked the authority to do so, we reverse.

## I

These are the consolidated appeals of Ted Murray, David Lapin, and Jeffrey Wigginton. In a 24-count indictment, each was charged with mail fraud,[1] conspiracy to commit mail fraud,[2] securities fraud,[3] and money laundering.[4] Lapin and Wigginton each pleaded guilty: Lapin to misprision of felony,[5] charged against him in a second superceding information, and Wigginton to conspiracy to commit mail and securities fraud.[6] Murray tried his case to a jury, which convicted him on all but the money laundering counts.[7]

Defendants' convictions arose out of a Ponzi scheme, the details of which we have described.[8] These convictions are not at issue in this appeal. Nor are the sentences that defendants received in or before March 2010. Defendants

---

[1] *See* 18 U.S.C. §§ 2, 1341.

[2] *See id.* at § 371.

[3] *See* 15 U.S.C. § 78j(b).

[4] *See* 18 U.S.C. § 1957.

[5] *See id.* at § 4.

[6] *See id.* at § 371.

[7] Murray was earlier charged with two counts of making and subscribing a false return, in violation of 26 U.S.C. § 7206(1). That case was consolidated into the case against all three defendants. The government dismissed the money laundering counts.

[8] *See United States v. Murray*, 648 F.3d 251, 252–53 (5th Cir. 2011).

challenge only the restitution order later entered against them, the pertinent circumstances surrounding which are as follows.

By February 16, 2010, each of the defendants had either pleaded guilty or been convicted by a jury.[9] A separate Presentence Investigation Report ("PSR") was prepared for each defendant. The PSRs indicated that restitution was "not applicable" pursuant to 18 U.S.C. § 3663A(c)(3),[10] findings which the district court adopted.

Wigginton's plea agreement contained several concessions. He agreed to pay "full restitution to the victim(s) regardless of the counts of conviction"; admitted "that any fine or restitution imposed by the Court will be due and payable immediately upon sentencing"; and pledged that he would "not attempt to avoid or delay punishment." Wigginton also agreed to "waive the right to appeal the sentence imposed or the manner in which it was determined," unless the sentence exceeded the statutory maximum.

The district court sentenced each defendant on or before March 1, 2010.[11] None of the sentences required restitution and none deferred determination of the amount of restitution until a later date. The "Criminal Monetary Penalties" form for each listed the amount of restitution ordered as $0.00. The district court noted that restitution was "not applicable" for defendants Lapin and Murray, and for Wigginton, it further specified that restitution was not mandatory pursuant to 18 U.S.C. § 3663A(c)(3)(B).

Sentences notwithstanding, proceedings below continued. On May 28, 2010, the government filed a motion seeking restitution under the Mandatory

---

[9] On August 11, 2008, Wigginton pleaded guilty. On October 21, 2008, a jury convicted Murray. On February 16, 2010, Lapin pleaded guilty.

[10] Wigginton and Lapin's PSRs also noted that "[r]estitution is incapable of determination in this case."

[11] The district court sentenced Murray on November 23, 2009, Wigginton on December 21, 2009, and Lapin on March 1, 2010.

Victims Restitution Act of 1996. Each defendant objected and a hearing on the motion followed. On October 27, 2010, the court granted the government's motion and scheduled a hearing for November 19, 2010, to determine the amount of restitution owed. Several hearings followed, the last on June 1, 2011. The district court ultimately calculated restitution on August 23, 2011, setting the amount of restitution owed at $17,564,534.21.

## II

Defendants raise several objections to the district court's restitution order. They argue that the court lacked authority to issue the order when it did and challenge the way in which it calculated the amount of restitution owed. One of them complains that the court should have apportioned liability, if any, rather than ordering joint and several liability. The government disputes each of these contentions and further argues that Wigginton waived his right to appeal. We review de novo both the legality of a restitution order[12] and the validity of an appeal waiver.[13] We will not reach the other alleged errors.

## A

A trial judge lacks authority to correct a sentencing error unless Congress has provided otherwise.[14] Outside of such a provision of authority,[15] errors at sentencing may be corrected only on appeal. The court below amended defendants' sentences, requiring defendants to make restitution to their victims. We are pointed to no potential source of authority for this change of sentence except the Mandatory Victims Restitution Act of 1996 (MVRA).

---

[12] *United States v. Arledge*, 553 F.3d 881, 897 (5th Cir. 2008).

[13] *United States v. Burns*, 433 F.3d 442, 445 (5th Cir. 2005).

[14] *See United States v. Addonizio*, 442 U.S. 178, 189 and n.16 (1979).

[15] *See, e.g.*, 18 U.S.C. § 3582(c); *see also* FED. R. CRIM. P. 35.

The MVRA provides that "[n]otwithstanding any other provision of law, when sentencing a defendant convicted of an offense described in subsection (c), the court *shall order* . . . that the defendant make restitution to the victim of the offense."[16] In *Dolan v. United States*, the Supreme Court suggested that this provision might authorize a district court to reopen a final sentencing judgment in certain circumstances.[17] That suggestion is of no consequence here, however, because the "shall order" provision does not apply to defendants' sentences.

In pertinent part, Title 18 of the United States Code, Section 3663A, subsection (c) provides:

> (1) This section shall apply in all sentencing proceedings for convictions of, or plea agreements relating to charges for, any offense-- (A) that is . . . (ii) an offense against property under this title . . . including any offense committed by fraud or deceit . . . and (B) in which an identifiable victim or victims has suffered . . . pecuniary loss.
>
> * * *
>
> (3) This section *shall not apply* in the case of an offense described in paragraph (1)(A)(ii) if the court finds, from facts on the record, that-- (A) the number of identifiable victims is so large as to make restitution impracticable; or (B) determining complex issues of fact related to the cause or amount of the victim's losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process.[18]

In short, when a district court invokes § 3663A(c)(3), the "shall order" provision in § 3663A(a)(1) is inapplicable—and does not authorize a district court to reopen a final sentencing judgment.

---

[16] 18 U.S.C. § 3663A(a)(1) (emphasis added).

[17] *Compare* 130 S. Ct. 2533, 2543 (2010) *with id.* at 2546 (Roberts, C.J., dissenting) ("The rule is that a trial court cannot alter a sentence after the time of sentencing. Section 3664(d)(5) is a limited exception to that rule. If the limits are exceeded the exception does not apply, and the general rule takes over—the sentence cannot be changed to add a restitution provision.").

[18] 18 U.S.C. § 3663A(c) (emphasis added).

The district court invoked § 3663A(c)(3) when sentencing these defendants. Each defendant's PSR found that restitution was "not applicable" pursuant to § 3663A(c)(3). The district court adopted those findings. It explicitly indicated that restitution was not mandatory in Wigginton's case, pursuant to § 3663A(c)(3)(B). And although the court instead indicated that restitution was not applicable with respect to Murray and Lapin, we have no doubt that the court made the requisite findings by adopting defendants' PSRs.[19]

Those findings distinguish this case from *Dolan*. Section 3663(A)(c)(3) reaches only crimes covered by § 3663A(c)(1)(A)(ii), which addresses "offense[s] against property."[20] The Supreme Court did not discuss § 3663A(c)(3) in the *Dolan* case, and for good reason: The defendant in *Dolan* "pleaded guilty to a federal charge of assault resulting in serious bodily injury," rather than an offense against property.[21]

We therefore hold that when a federal district court sentences a defendant without ordering restitution, and it finds, from facts on the record, that § 3663A(c)(3) applies, then § 3663A(a)'s "shall order" provision does not authorize that court to reopen its final sentencing judgment to add an order of

---

[19] Indeed, in its October order requiring restitution, the court conflated the import of § 3663A(c)(3)—that restitution is not *mandatory*—with the box that it ultimately checked on two sentencing forms: that restitution is not *applicable*. The court explained:

> The statute also states that restitution shall not apply if "the number of victims is so large as to make restitution impracticable." 18 U.S.C[.] § 3663A(c)(3)(A). Here, each of the Defendant's PSRs found that the number of victims was indeterminable. Therefore, the PSRs stated that restitution was not applicable under the statute.

This statement confirms our understanding of the court's earlier judgments, and is not inconsistent with the court's selection of the § 3663A(c)(3)(*B*) box when sentencing Wigginton.

[20] 18 U.S.C. § 3663A(c)(1)(A)(ii). We express no opinion regarding whether Lapin's conviction under 18 U.S.C. § 4 satisfies the requirements of § 3663A(c)(1)(A)(ii).

[21] 130 S. Ct. at 2536. The Court was not explicit about which provision of the MVRA made restitution in mandatory in *Dolan*; we understand it to rely on § 3663A(c)(1)(A)(i), which expressly reaches certain "crime[s] of violence."

restitution.[22] Accordingly, the district court lacked authority to modify the defendants' sentences. Whether Wigginton can benefit from this conclusion depends on whether he waived his right to appeal this error.

## B

A defendant may waive his statutory right to appeal if he does so knowingly and voluntarily.[23] Even an enforceable waiver is not controlling, however, unless its plain language *unambiguously* applies to the circumstances at issue.[24]

The district court initially sentenced Wigginton on December 14, 2009. Wigginton concedes that he waived his right to appeal that sentence. He argues, however, that "[t]he revision ordered to [his] sentence was not initiated . . . as part of the sentencing process" to which his waiver applied. We agree.

The plain language of Wigginton's agreement is capable of at least two constructions. On one reading, Wigginton agreed that the court could sentence him at any time and to almost any penalty. That reading is supported most strongly by the clause indicating that Wigginton "may appeal *only* a sentence imposed above the statutory maximum."[25] On another reading, however, Wigginton agreed not to appeal only "a sentence imposed" *during the authorized sentencing process.*

---

[22] We express no opinion regarding whether compliance with the procedures in § 3664(d)(5) would provide the necessary authorization. Nor do we suggest that finality considerations preclude a sentencing court from "fill[ing] in [a] blank" left open during sentencing. *Dolan*, 130 S. Ct. at 2543.

[23] *See United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005).

[24] *See id.* (examining scope of waiver based on plain language); *see also United States v. Harris*, 434 F.3d 767, 770 (5th Cir. 2005) ("[A]ny ambiguity must be construed in favor of the defendant's right to appeal.").

[25] Emphasis in original.

Several provisions in Wigginton's agreement suggest that the latter interpretation more accurately reflects the parties' understanding. For example, Wigginton agreed that "any fine or restitution imposed by the Court [would] be due and payable immediately *upon sentencing*"—not upon a later revision to his sentence. Wigginton further agreed that if the court "impose[d] a fine" or ordered "the payment of restitution," he would "make complete financial disclosure by truthfully executing a sworn financial statement immediately following his sentencing." Had the court ordered Wigginton to pay a fine during his original sentencing, he would have been obligated to execute such a statement. And if "sentencing" includes the court's October order to make restitution, then he would presumably have been obligated to execute another statement after that order, too. But the plea agreement does not contemplate *two* sworn financial statements: it obligates Wigginton to execute *a* statement—once.

In *Dolan*, four Justices distinguished between "restitution orders *at* sentencing" and restitution orders made "*after* sentencing has concluded."[26] They did so in dissent. But we have previously explained that the "language in [an] appellate waiver must be afforded its plain meaning in accord with the intent of the parties at the time the plea agreement was executed," even if that language is given a different, technical meaning by the Supreme Court.[27] In 2010, four Justices understood the word "sentencing" to carry with it strict temporal limitations. We cannot and do not conclude that Wigginton's plea agreement,

[26] *United States v. Dolan*, 130 S. Ct. 2533, 2545 (2010) (Roberts, C.J., dissenting) (emphasis in original).

[27] *United States v. Cortez*, 413 F.3d 502, 503 (5th Cir. 2005) (distinguishing the plain meaning of the phrase, "a sentence exceeding the statutory maximum punishment," from the meaning of "statutory maximum as that term was defined in *Blakely*" v. *Washington*, 542 U.S. 296 (2004)). The phrase "statutory maximum" may have a different meaning in the restitution context; we do not reach the issue. *See United States v. Broughton-Jones*, 71 F.3d 1143, 1147 (4th Cir. 1995) ("Because a restitution order imposed when it is not authorized . . . is no less 'illegal' than a sentence of imprisonment that exceeds the statutory maximum, appeals challenging the legality of restitution orders are similarly outside the scope of a defendant's otherwise valid appeal waiver.").

signed in 2008, unambiguously rejected that understanding. Accordingly, Wigginton did not waive his right to appeal the timing of the district court's restitution order.[28]

* * *

The district court lacked authority to order restitution when it did. Wigginton retained the right to appeal this error. We therefore REVERSE the district court's restitution order with respect to each defendant.

---

[28] Because Wigginton's waiver is ambiguous, we need not determine whether the district court's lack of authority to modify Wigginton's sentence was a jurisdictional defect. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." (quoting *United States v. Cotton*, 535 U.S. 625, 630 (2002))).