# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 20, 2013

Lyle W. Cayce
Clerk

No. 12-20341
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RICHARD BELL,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CR-271-1

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Richard Bell appeals an amended judgment ordering him to pay more than $1 million in restitution for crimes of bank fraud and money laundering. He contends that the district court lacked authority to conduct a restitution hearing and to order restitution about three years after the expiration of the 90-day period provided for doing so under 18 U.S.C. § 3664(d)(5).

If a sentencing court misses the 90-day deadline, it nonetheless retains the power to order restitution when it has "made clear prior to the deadline's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

expiration that it would order restitution, leaving open (for more than 90 days) only the amount." *Dolan v. United States*, 130 S. Ct. 2533, 2536 (2010). At the original sentencing hearing, Bell contended that he had made payments that should lower the amount of restitution due. The district court thus delayed setting the amount while making it clear that it would order Bell to pay restitution of up to about $1.875 million when the correct amount could be ascertained. Bell was not prejudiced by the delay, which was for his benefit, and he shows nothing to distinguish his case from *Dolan*.[1] The amended judgment of the district court is AFFIRMED.

---

[1] This case is thus much different from *United States v. Murray*, 700 F.3d 241 (5th Cir. 2012), where the district judge at the original sentencing found restitution not applicable and did not "leave a blank to be filled in later." *See id.* at 245 n.22.