BARRON, Circuit Judge.
This appeal follows defendant Ferrison Diaz-Doncel’s straight plea of guilty to all three counts set forth in a criminal indictment. The first two counts were for conspiracy to possess, and aiding and abetting the possession of, cocaine on a vessel subject to the jurisdiction of the United States, in violation of the Maritime Drug Law Enforcement Act (“MDLEA”). 46 U.S.C. §§ 70501 et seq.; 18 U.S.C. § 2. The third count was for aiding and abetting a failure to heave. 18 U.S.C. §§ 2237, 2.[1] On appeal, Diaz argues that Congress exceeded the scope of its Article I powers in enacting the MDLEA and that his MDLEA convictions must therefore be reversed. But precedent makes clear that Diaz waived his right to bring this challenge when he entered his guilty plea.
The undisputed facts can be briefly stated. On June 28, 2013, a United States Coast Guard (“USCG”) cutter ordered a cigarette boat in the Caribbean Sea to heave to. Following a chase, a Dutch war ship with USCG personnel on-board interdicted the cigarette boat. The USCG personnel then boarded the cigarette boat, arrested the crew, including Diaz, and seized the vessel.
Following the arrest, Diaz was indicted by a federal grand jury on three counts. He then filed a late motion to dismiss the indictment. The motion argued that Congress had exceeded the scope of its powers under Article I of the United States Constitution in enacting the MDLEA. The District Court denied the motion as untimely. The District Court ruled that no exception could be made for Diaz’s late filing, because his challenge was not a challenge to the Court’s subject matter jurisdiction.
On the second day of the trial, Diaz entered a straight plea of guilty to all three counts. The District Court then sentenced Diaz to 168 months of imprisonment on each of the MDLEA counts, and to 60 months of imprisonment for failing to heave, to be served concurrently. On appeal, Diaz challenges only his MDLEA *518 convictions, which he contends must be reversed because Congress exceeded the scope of its Article I powers in enacting that statute.
“Ordinarily a guilty plea, entered unconditionally — that is, without reserving an issue or issues for appeal — establishes guilt and forfeits all objections and defenses.” United States v. González, 311 F.3d 440, 442 (1st Cir.2002) (citing United States v. Cordero, 42 F.3d 697, 699 (1st Cir.1994)). There are, however, “a few exceptions to this principle.” Id. And the one that Diaz relies on “applies where the claim on appeal is that the district court lacked subject matter jurisdiction over the case.” Id.[2]
Our precedent makes clear, however, that this exception does not apply here. As we have held before, a constitutional challenge to Congress’s “jurisdiction” to pass the MDLEA pursuant to its Article I powers is not a challenge to a district court’s subject matter jurisdiction over a criminal case brought under the MDLEA. United States v. Nueci-Peña, 711 F.3d 191, 197 (1st Cir.2013); United States v. Cardales-Luna, 632 F.3d 731, 737-38 (1st Cir.2011). And the D.C. Circuit recently agreed in concluding that a guilty plea barred a defendant from asserting an Article I challenge to the MDLEA on appeal. See United States v. Miranda, 780 F.3d 1185, 1189-91 (D.C.Cir.2015). Thus, whatever the merits of Diaz’s constitutional argument, see Cardales-Luna, 632 F.3d at 738-51 (Torruella, J., dissenting) (setting forth the argument that Congress exceeded its Article I powers in enacting the MDLEA), Diaz waived his right to assert it when he pled guilty. The convictions are therefore affirmed.

. 18 U.S.C. § 2237 "makes it unlawful for an operator of 'a vessel subject to the jurisdiction of the United States, to knowingly fail to obey’ a federal law enforcement officer's order ‘to heave to that vessel’ (in layman’s terms, failing to slow down or stop).” United States v. $8,440,190.00 in U.S. Currency, 719 F.3d 49, 53 (1st Cir.2013).

. Another exception to the rule that a guilty plea waives all objections is derived from the Supreme Court’s decisions in Blackledge v. Perry, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974), and Menna v. New York, 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975). Those cases involved, respectively, "a due process challenge arising from repetitive, vindictive prosecution” and a double jeopardy challenge. United States v. Miranda, 780 F.3d 1185, 1190 (D.C.Cir.2015). Diaz makes no argument that his case falls into the Black-ledge-Menna exception. And we note that the D.C. Circuit recently held that a challenge such as Diaz’s does not fit within the Black-ledge-Menna exception. Id.