# United States Court of Appeals
## For the First Circuit

No. 14-1819

UNITED STATES OF AMERICA,

Appellee,

v.

BETSIAN CARRASQUILLO-PEÑALOZA,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Pérez-Giménez, U.S. District Judge]

Before

Howard, Chief Judge,
Torruella and Lynch, Circuit Judges.

Alejandra Bird López for appellant.
Juan Carlos Reyes-Ramos, Assistant United States Attorney,
with whom Nelson Pérez-Sosa, Assistant United States Attorney,
Chief, Appellate Division, and Rosa Emilia Rodríguez-Vélez, United
States Attorney, were on brief, for appellee.

June 21, 2016

**LYNCH**, **Circuit Judge**.    Betsian Carrasquillo-Peñaloza pleaded guilty to one count of violating 18 U.S.C. § 2423(a) by attempting to prostitute a fourteen-year-old girl to undercover federal agents.  On appeal, Carrasquillo-Peñaloza argues that her conviction must be reversed because the application of 18 U.S.C. § 2423(a) to conduct wholly within Puerto Rico exceeds Congress's legislative authority.  But Carrasquillo-Peñaloza waived her right to bring this challenge when she entered an unconditional guilty plea and executed a waiver-of-appeal clause.  We affirm.

I.

On October 10, 2012, Carrasquillo-Peñaloza was indicted for one count of transportation of a minor with the intent that she engage in prostitution, in violation of 18 U.S.C. § 2423(a),[1] and one count of sex trafficking of a child, in violation of 18 U.S.C. § 1591(a).  A substantially similar superseding indictment was issued on October 24, 2012.

On December 7, 2012, Carrasquillo-Peñaloza filed a motion to dismiss the superseding indictment, arguing, inter alia, that the application of 18 U.S.C. § 2423(a) to conduct wholly

---

[1]    This statute, which was passed as part of the Mann Act, makes it a crime to "knowingly transport[] an individual who has not attained the age of 18 years in interstate or foreign commerce, or in any commonwealth, territory or possession of the United States, with intent that the individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense."  18 U.S.C. § 2423(a).

within Puerto Rico exceeded Congress's legislative authority. On April 20, 2013, the district court denied the motion on the basis, inter alia, that the constitutionality of that particular application of 18 U.S.C. § 2423(a) had already been settled in Crespo v. United States, 151 F.2d 44, 45 (1st Cir. 1945).

On October 11, 2013, Carrasquillo-Peñaloza pleaded guilty to the first count of the superseding indictment, for violation of 18 U.S.C. § 2423(a). Her potential sentencing exposure was ten years to life imprisonment. The plea agreement contained a joint recommendation that Carrasquillo-Peñaloza be sentenced to the statutory minimum sentence of 120 months of imprisonment. The plea agreement also contained a waiver-of-appeal clause.[2]

On July 7, 2014, Carrasquillo-Peñaloza was sentenced to 120 months of imprisonment, as jointly recommended. This appeal followed.

## II.

Carrasquillo-Peñaloza contends that the argument she wishes to raise on appeal -- that the application of 18 U.S.C. § 2423(a) to conduct wholly within Puerto Rico exceeds Congress's

---

[2] The waiver-of-appeal clause stated that "if this Honorable Court accepts this Plea Agreement and sentences the defendant according to its terms, conditions and recommendations, the defendant then waives and permanently surrenders his [sic] right to appeal the judgment and sentence in this case."

legislative authority under the Commerce Clause -- is not barred by her unconditional guilty plea or the waiver-of-appeal clause in her plea agreement. Because that is not so, we do not reach the merits of her argument of unconstitutionality, save to point out that it would be an uphill battle in light of precedent.

"It is well-established that an unconditional guilty plea results in the waiver of errors preceding the plea." United States v. Castro-Vazquez, 802 F.3d 28, 32 (1st Cir. 2015) (citing Tollett v. Henderson, 411 U.S. 258, 267 (1973)). "So long as the unconditional guilty plea is knowing and voluntary," id. at 33, it "effectuates a waiver of any and all independent non-jurisdictional lapses that may have marred the case's progress up to that point," id. (quoting United States v. Cordero, 42 F.3d 697, 699 (1st Cir. 1994)).

Carrasquillo-Peñaloza does not contest the knowing and voluntary character of her guilty plea. Rather, she argues that her appeal can proceed notwithstanding her unconditional guilty plea because her constitutional challenge to the statute of her conviction casts doubt on the district court's subject matter jurisdiction. But her argument is foreclosed by circuit precedent.

In United States v. Cardales-Luna, we faced the issue of whether a portion of the Maritime Drug Law Enforcement Act ("MDLEA") that allowed a federal criminal law to be enforced against persons and activities lacking any nexus with the United

States, 46 U.S.C. §§ 70502(c)(1)(C), 70503(a)(1), exceeded Congress's Article I authority. 632 F.3d 731, 737 (1st Cir. 2011). We held that, whatever its merits, a constitutional challenge to Congress's legislative authority to enact the statute under which a defendant is charged does not deprive the district court of subject matter jurisdiction over the criminal case brought under that statute. Id. We adopted the D.C. Circuit's position that: "If a challenge to the constitutionality of an underlying criminal statute always implicated subject-matter jurisdiction, then federal courts, having an obligation to address jurisdictional questions sua sponte, would have to assure themselves of a statute's validity as a threshold matter in any case. This requirement would run afoul of established Supreme Court precedent declining to address constitutional questions not put in issue by the parties." Id. at 737–38 (quoting United States v. Baucum, 80 F.3d 539, 541 (D.C. Cir. 1996) (per curiam)).

We reaffirmed that conclusion in two subsequent cases. In United States v. Nueci-Peña, a defendant who was convicted after a jury trial sought de novo review of an unpreserved argument that the application of the MDLEA in his case exceeded Congress's legislative authority. 711 F.3d 191, 196 (1st Cir. 2013). The defendant tried to excuse his failure to preserve the issue by arguing that it was a jurisdictional issue that could be raised at any time. Id. at 196–97. We cited Cardales-Luna as having

- 5 -

previously rejected his assertion that his constitutional challenge was jurisdictional, and we went on to apply plain error review.  Id. at 197.

In United States v. Díaz-Doncel, the defendant had entered an unconditional guilty plea and had subsequently attempted to bring an appellate challenge to Congress's legislative authority to enact the MDLEA.  811 F.3d 517, 517 (1st Cir. 2016).  We cited Cardales-Luna and held that his constitutional challenge was nonjurisdictional and so could not be raised on appeal following an unconditional guilty plea.  Id. at 518.

In sum, circuit precedents make clear that Carrasquillo-Peñaloza's challenge to the statute of her conviction is nonjurisdictional.[3]  Because the challenge is nonjurisdictional, Carrasquillo-Peñaloza waived her right to bring it by entering an unconditional guilty plea.[4]  She could have tendered a conditional

---

[3]    In arguing otherwise, Carrasquillo-Peñaloza relies heavily on United States v. DiSanto, 86 F.3d 1238 (1st Cir. 1996), in which we stated that "a claim that a statute is unconstitutional or that the court lacked jurisdiction may be raised for the first time on appeal."  Id. at 1244.  DiSanto has no relevance to the issue before us -- the effect of an unconditional guilty plea -- because the defendant there was convicted by a jury.  Moreover, to the extent that DiSanto suggests that a constitutional challenge to a statute of conviction is jurisdictional, it is dicta.  The law of our circuit on this issue is the firm holding of this court in Cardales-Luna.

[4]    The Supreme Court has recognized two types of nonjurisdictional errors that are not waived by an unconditional

guilty plea and preserved her right to appeal the district court's denial of her Commerce Clause challenge. See United States v. Rodriguez-Castillo, 350 F.3d 1, 4 n.2 (1st Cir. 2003) (citing Fed. R. Crim. P. 11(a)(2)). She did not, however, avail herself of that option.

Carrasquillo-Peñaloza's appeal is also independently barred by the waiver-of-appeal clause in her plea agreement. "[S]uch waivers are binding and enforceable so long as: (1) the written plea agreement clearly delineates the scope of the waiver; (2) the district court specifically inquired at the plea hearing about the waiver, and the questioning of the defendant suffices to show that the waiver was knowing and voluntary; and (3) the denial of the right to appeal would not constitute a miscarriage of justice." United States v. González-Colón, 582 F.3d 124, 127 (1st Cir. 2009) (citing United States v. Teeter, 257 F.3d 14, 24–26 (1st Cir. 2001)).

Carrasquillo-Peñaloza argues that her plea agreement did not make clear that the scope of the waiver encompassed challenges to the validity of the statute of conviction. Not so. Her appeal

---

guilty plea. See Díaz-Doncel, 811 F.3d at 518 n.2 (citing Menna v. New York, 423 U.S. 61, 62–63 & n.2 (1975) (per curiam) (double jeopardy challenge); Blackledge v. Perry, 417 U.S. 21, 30 (1974) (due process challenge arising from repetitive, vindictive prosecution)).
    Neither exception is applicable here. See id.; United States v. Miranda, 780 F.3d 1185, 1190–91 (D.C. Cir. 2015).

is fairly encompassed by her express waiver of the "right to appeal the judgment and sentence in this case," and we have previously characterized such wording as "simple and easily understood." United States v. Borrero-Acevedo, 533 F.3d 11, 14 (1st Cir. 2008). She does not challenge the adequacy of the district court's inquiry into the knowing and voluntary nature of the plea. Nor would enforcement of the waiver be a miscarriage of justice. See United States v. Vélez-Luciano, 814 F.3d 553, 559 (1st Cir. 2016). The waiver-of-appeal provision applies.

The appeal is dismissed.