# United States Court of Appeals
## For the First Circuit

No. 15-1859

UNITED STATES OF AMERICA,

Appellant,

v.

JORGE MERCADO-FLORES,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Gustavo A. Gelpí, Jr., U.S. District Judge]

Before

Howard, Chief Judge,
Selya and Lipez, Circuit Judges.

John P. Taddei, Attorney, Appellate Section, Criminal Division, United States Department of Justice, with whom Leslie R. Caldwell, Assistant Attorney General, Sung-Hee Suh, Deputy Assistant Attorney General, Rosa E. Rodríguez-Vélez, United States Attorney, and Nelson J. Pérez-Sosa, Assistant United States Attorney, were on brief, for appellant.
Lisa Aidlin for appellee.

September 22, 2017

**SELYA**, **Circuit Judge**.  A district court has broad authority over the sentencing phase of a criminal case.  But once a sentence is imposed and a final judgment of conviction enters, that authority terminates save only for a few narrowly circumscribed exceptions.  Here, the district court, after imposing a sentence and entering final judgment, attempted to undo its handiwork.  The government appeals.  Concluding that the district court lacked jurisdiction to revisit the sentence, we vacate the order appealed from and direct that the sentence be reinstated.

## I.  BACKGROUND

The facts giving rise to the arrest and conviction of defendant-appellee Jorge Mercado-Flores are uncontroversial.  In 2013, the defendant (then twenty-eight years of age) drove a fourteen-year-old girl to a beach in Puerto Rico for the purpose of engaging in sexual intercourse.  After the defendant was caught red-handed, federal authorities charged him under 18 U.S.C. § 2423(a), which criminalizes the transportation of a minor within a United States "commonwealth, territory or possession" with the intent to engage in criminal sexual activity.  This statute carries a ten-year mandatory minimum sentence.  See 18 U.S.C. § 2423(a).

The defendant resisted the indictment.  Facing the prospect of a steep mandatory minimum sentence, he pursued negotiations with the government.  As a result, the parties entered

- 2 -

into a plea agreement, which contemplated that the government would dismiss the original indictment in exchange for the defendant's guilty plea to a one-count information charging him with violating 18 U.S.C. § 2421(a). This statute, which carries no mandatory minimum sentence, criminalizes the transportation of an individual "in interstate or foreign commerce, or in any Territory or Possession of the United States," intending for that individual to "engage in . . . any sexual activity for which any person can be charged with a criminal offense." Id. In Puerto Rico, it is a criminal offense to engage in sexual intercourse with a person under the age of 16. See P.R. Laws Ann. tit. 33, § 4770(a).

In due course, the government filed the information, and the district court accepted the defendant's guilty plea. On May 11, 2015, the court sentenced the defendant to a 57-month term of immurement and dismissed the original indictment. The court promptly entered a judgment of conviction.[1]

After the imposition of the sentence, the district court voiced a concern that 18 U.S.C. § 2421 might not apply in Puerto Rico because Puerto Rico is not a "Territory or Possession of the

---

[1] From this point forward, we use the shorthand "sentence" to describe both the sentence and the concomitant judgment of conviction. In addition, we note that the judgment in this case was amended to correct a clerical error on May 22, 2015, but that tweak has no impact on when the time limit under Rule 35(a) started to run. See Fed. R. Crim. P. 35(c) (defining "sentencing" for purposes of Rule 35 as the oral announcement of the sentence); see also United States v. Fahm, 13 F.3d 447, 453 (1st Cir. 1994).

- 3 -

United States."  The court added that it would reserve judgment on this "jurisdictional matter."  If Puerto Rico is not a "Territory or Possession of the United States" within the purview of 18 U.S.C. § 2421(a), the court reasoned, the indictment would be nugatory and the court would have no jurisdiction over the case.  The court went on to say that it would issue an opinion "as to whether the statute applies or not" within 30 days.  It is luminously clear that the court was acting sua sponte: neither the government nor the defendant challenged the sentence or moved to vitiate the guilty plea.

On June 4, 2015 — twenty-four days after imposition of the sentence — the district court filed a rescript concluding that Puerto Rico is not a "Territory or Possession of the United States" but, rather, enjoys sui generis status as a commonwealth.  As such, the court opined, section 2421(a) "does not apply to a purely intrastate criminal act committed within the Commonwealth of Puerto Rico."  Continuing to act sua sponte, the court vacated the sentence and dismissed the case.  When the government moved for reconsideration, the district court held firm and issued two supplementary opinions reiterating its interpretation of 18 U.S.C. § 2421(a).[2]

---

[2] Earlier case law, unimpeached at the time of the original indictment, indicated that section 2421(a) applied to crimes committed wholly within Puerto Rico.  See Crespo v. United States, 151 F.2d 44, 45 (1st Cir. 1945).  The district court's contrary

The government responded in two ways. First, it re-indicted the defendant under 18 U.S.C. § 2423(a), a statute that, by its terms, is not susceptible to the jurisdictional lacuna that troubled the district court. Section 2423(a), unlike section 2421(a), criminalizes the transportation of a minor with the intent to engage in criminal sexual activity "in any commonwealth, territory or possession of the United States." 18 U.S.C. § 2423(a) (emphasis supplied). Second, the government filed a timely notice of appeal challenging the district court's vacation of the earlier sentence. That appeal is presently before us, and the case arising from the re-indictment has been stayed pending its disposition. Whether the new indictment is barred on double jeopardy grounds is a serious question, see Ricketts v. Adamson, 483 U.S. 1, 8 (1987) ("We may assume that jeopardy attached at least when respondent was sentenced . . . on his plea of guilty . . . ."); see also United States v. Vinyard, 539 F.3d 589, 592 (7th Cir. 2008) (explaining that "jeopardy attached in [the defendant's] first proceeding once the court pronounced its sentence"), which is not before us.

---

reasoning resembles that later articulated by a panel of this court. See United States v. Maldonado-Burgos, 844 F.3d 339, 350 (1st Cir. 2016), rehearing en banc denied by an equally divided court, ___ F.3d ___, ___ (1st Cir. 2017) [No. 15-2145].

## II.  ANALYSIS

This appeal turns on whether the district court had jurisdiction to revisit the defendant's sentence more than three weeks after its imposition.  We approach this question mindful that an appellate court has an unflagging obligation "to satisfy itself . . . of the subject-matter jurisdiction of the trial court before proceeding further."  United States v. Martínez-Hernández, 818 F.3d 39, 49 (1st Cir. 2016) (quoting Royal Siam Corp. v. Chertoff, 484 F.3d 139, 142 (1st Cir. 2007)).  Even where, as here, no jurisdictional issue was broached in the district court, we "have an affirmative obligation to examine jurisdictional concerns."  Irving v. United States, 162 F.3d 154, 160 (1st Cir. 1998).  This obligation grows out of a frank recognition that, "[i]n the absence of jurisdiction, a court is powerless to act." Am. Fiber & Finishing, Inc. v. Tyco Healthcare Grp., 362 F.3d 136, 138 (1st Cir. 2004).

Whether the district court had subject-matter jurisdiction is a purely legal issue.  Thus, our review of the jurisdictional question raised in this appeal is de novo.  See Morales Feliciano v. Rullán, 378 F.3d 42, 49 (1st Cir. 2004).

We begin with bedrock.  Subject to only a handful of narrowly circumscribed exceptions, a district court has no jurisdiction to vacate, alter, or revise a sentence previously imposed.  See Dillon v. United States, 560 U.S. 817, 819 (2010)

(noting that "[a] federal court generally may not modify a term of imprisonment once it has been imposed" (internal quotation marks omitted)); see also United States v. Griffin, 524 F.3d 71, 84 (1st Cir. 2008). When — as in this case — a judgment of conviction is entered upon imposition of a sentence, that sentence is a final judgment and, therefore, may only be modified by the sentencing court in certain limited circumstances. See Dillon, 560 U.S. at 824. Because a district court (apart from collateral proceedings such as habeas corpus or coram nobis) has no inherent power to modify a sentence after it has been imposed, those limited circumstances "stem[] solely from . . . positive law." United States v. Ortiz, 741 F.3d 288, 292 n.2 (1st Cir. 2014).

In this instance, the district court did not identify the source of its perceived authority to vacate the defendant's sentence. After examining all the potential sources, we conclude that, in the circumstances of this case, no provision of positive law empowers a district court to vacate a sentence, sua sponte, more than three weeks after imposing it.

Outside the context of a collateral challenge, there is only a single statute that bears upon the district court's jurisdiction to tamper with a previously imposed sentence of imprisonment. That statute, 18 U.S.C. § 3582(b), provides in pertinent part that "a judgment of conviction that includes . . . a sentence constitutes a final judgment." The exceptions to

this statutory imperative are few and far between.  The principal exception is contained in section 3582(c), which states that a sentencing "court may not modify a term of imprisonment once it has been imposed" except, as relevant here, "to the extent . . . expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure."[3]  There is no statute that offers comfort to the district court's sua sponte exercise of jurisdiction here.

Nor is Rule 35 a promising source of authority.  The relevant subsection states that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."  Fed. R. Crim. P. 35(a).  Because Rule 35(a) constitutes a limitation on a sentencing court's substantive authority, we have held that it is jurisdictional in nature.  See Griffin, 524 F.3d at 84.  Consequently, we have interpreted Rule 35(a)'s fourteen-day temporal window "as imposing a jurisdictional limit on the district court's ability to correct a sentence."  Id. at 83.  If the

_____

[3] The omitted portions of the statute refer to the fact that a sentence also may be modified in two other ways.  First, a sentence may be modified at the request of the Director of the Bureau of Prisons (under certain circumstances).  See 18 U.S.C. § 3582(c)(1)(A).  Second, a sentence may be modified in instances in which a defendant has been sentenced based on a sentencing range that has since been lowered by the Sentencing Commission.  Id. § 3582(c)(2).  These exceptions are irrelevant to the case at hand, and we need not discuss them.

fourteen-day period "expires with no ruling from the district court, the district judge's jurisdiction to alter the sentence is extinguished." United States v. Gonzalez-Rodriguez, 777 F.3d 37, 42 (1st Cir. 2015).

Here, the temporal window closed before the district court acted. The court entered its order of vacation a full twenty-four days after imposing the sentence. By that time, the court had lost its jurisdiction to revise the sentence under Rule 35(a).[4]

We have examined two other Criminal Rules that might be thought to confer the needed authority on the district court. As we explain below, neither of them rescues the district court's sua sponte vacation of the defendant's sentence.

- Federal Rule of Criminal Procedure 11 authorizes a district court to set aside a guilty plea in certain circumstances. See Fed. R. Crim. P. 11. However, once the district court has sentenced the defendant, it lacks

---

[4] For the sake of completeness, we note that, in all events, the district court's action was not the type of correction that Rule 35(a) envisions. The sentence was not tainted by any "arithmetical, technical, or other clear error." And the rule was never intended to afford a sentencing court the "opportunity . . . simply to change its mind about the appropriateness of a sentence." Gonzalez-Rodriguez, 777 F.3d at 42 (quoting Fed. R. Crim. P. 35 advisory committee's notes to 1991 amendments); see United States v. Sevilla-Oyola, 770 F.3d 1, 11 (1st Cir. 2014) (explaining that Rule 35(a) does not "enable a judge to fix errors committed . . . during proceedings prior to the imposition of sentence" (emphasis in original)).

jurisdiction (except in a collateral proceeding) to consider a defendant's arguments about the validity of his guilty plea. See Fed. R. Crim. P. 11(e); Martínez-Hernández, 818 F.3d at 47-48; United States v. Ruiz-del Valle, 8 F.3d 98, 102 (1st Cir. 1993); see also Wilkins v. United States, 754 F.3d 24, 27-28 (1st Cir. 2014) (recognizing that after a court imposes a sentence, collateral attack and direct appeal are the only mechanisms available to vitiate a guilty plea); In re Ellis, 356 F.3d 1198, 1200 (9th Cir. 2004) (en banc) (similar). Put simply, Rule 11 functions as a mandatory prohibition on the district court's jurisdiction, outside the collateral attack context, to set aside a guilty plea after the entry of judgment.

- Federal Rule of Criminal Procedure 33 empowers a district court in a criminal case to "vacate any judgment and grant a new trial." But that power is limited to cases — unlike this one — in which there was a trial in the first place. See Fed. R. Crim. P. 33(a); United States v. Graciani, 61 F.3d 70, 78 (1st Cir. 1995). In any event, Rule 33 allows a judgment to be vacated only "upon the defendant's motion" — and here, the defendant never filed such a motion.

- 10 -

In this case, all roads lead to Rome.  The district court already had imposed a sentence, more than three weeks had elapsed, and the defendant had not sought either to withdraw his guilty plea or to vacate the imposed sentence (indeed, he urges us to reinstate the sentence).  Given those facts, the district court was not at liberty, sua sponte, to annul the sentence.  See United States v. Patterson, 381 F.3d 859, 865 (9th Cir. 2004).  Having accepted the defendant's plea, conducted a full sentencing hearing, and imposed a sentence, the court lost any jurisdiction to change its mind.  See Gonzalez-Rodriguez, 777 F.3d at 42; Griffin, 524 F.3d at 84.

One loose end remains: the district court announced at the disposition hearing that it was reserving judgment on the question of whether the statute under which the defendant had been charged applies in Puerto Rico.  The court, however, cited no authority empowering it to make such a reservation — and we are aware of none.

The practice that the district court employed — sentencing the defendant, yet purporting to withhold a decision on a dispositive issue in the case — would, if sanctioned, sow the seeds of chaos and confusion.  If such reservations were permissible, both the government and the defendant would be in limbo; the "virtues of . . . finality," Blackledge v. Allison, 431 U.S. 63, 71 (1977), would be lost; and the judiciary's "historic

- 11 -

respect for the finality of the judgment of a committing court," Schneckloth v. Bustamonte, 412 U.S. 218, 257 (1973) (Powell, J., concurring), would become a distant memory.

If the criminal justice system is to function appropriately, the imposition of a sentence must carry with it an "expectation of finality and tranquility" for the defendant, the government, and the public. United States v. Santiago Soto, 825 F.2d 616, 620 (1st Cir. 1987). Allowing a district court to sentence a defendant while at the same time reserving a merits-related issue for subsequent decision would undermine this expectation. The district court's purported reservation was, therefore, a nullity.

Let us be perfectly clear. We do not question the district court's intentions: we recognize that the court, glimpsing a legal problem that it believed had eluded detection, took steps to remedy what it perceived to be an injustice. But in the law as in life, the end rarely justifies the means; and a court — even one prompted by the best of intentions — is powerless to act in the absence of jurisdiction.

## III. CONCLUSION

Congress has given courts and parties tools for challenging a conviction and sentence that were imposed in error. A court may reject a plea agreement or postpone a sentencing hearing sine die until it has had an opportunity to resolve all

- 12 -

relevant issues.  If the defendant is dissatisfied with the outcome of the proceeding, he may file a direct appeal of his sentence or may attack it collaterally by petitioning for post-conviction relief under 28 U.S.C. § 2255.  But the district court, acting sua sponte, lacks jurisdiction to vacate a defendant's sentence simply because the court has come to conclude, more than three weeks later, that the government has grounded the charge against the defendant on an inapposite statute.[5]  Following the imposition of sentence and the expiration of the time allotted under Rule 35(a), it is up to the defendant to decide whether to stand by his guilty plea, and no provision of positive law allows the district court to usurp the defendant's choice.  See In re Ellis, 356 F.3d at 1200; cf. Vinyard, 539 F.3d at 595 (granting writ of mandamus to set aside district court's sua sponte vacation of plea and sentence because district court "effectively usurped a choice that was the defendant's to make").

---

[5] Our holding in United States v. Carrasquillo-Peñaloza, 826 F.3d 590 (1st Cir. 2016), made pellucid that a challenge to the statute of conviction is "nonjurisdictional" and can be waived by the defendant's failure to raise it in a timely fashion.  Id. at 593 (dismissing appeal and affirming conviction over defendant's argument that application of 18 U.S.C. § 2423(a) to him exceeded congressional authority).  By his actions in this case, the defendant has plainly waived any challenge to the applicability of 18 U.S.C. § 2421(a).

We need go no further.  For the reasons elucidated above, the order voiding the sentence and dismissing the original case is <u>vacated</u>, and the sentence shall forthwith be <u>reinstated</u> by the district court.


**<u>So Ordered</u>.**