# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2020-0286, <u>State of New Hampshire v. Malachi Yahtues</u>, the court on March 22, 2021, issued the following order:**

Having considered the briefs and record submitted on appeal, the court concludes that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The defendant, Malachi Yahtues, appeals an order of the Superior Court (<u>Messer</u>, J.) denying his motion to vacate or set aside his sentence on a charge of being an armed career criminal to which he pleaded guilty in 2016. We affirm.

> At the time of the 2016 proceedings, the armed criminal statute provided: No person who has been convicted of any combination of 3 or more felonies in this state or any other state under homicide, assault, sexual assault, arson, burglary, robbery, extortion, child pornography, or controlled drug laws, shall own or have in his possession or under his control, a pistol, revolver, rifle, shotgun, or any other firearm.

RSA 159:3-a, I (2014) (amended 2017). The indictment to which the defendant pleaded guilty alleged that the defendant had committed the crime of being an armed career criminal when he "knowingly had a firearm in his possession or under his control, and at the time had been convicted of a combination of three or more felonies in the Commonwealth of Massachusetts under homicide, assault, sexual assault, arson, burglary, robbery, extortion, child pornography, or controlled drug laws."

At the 2016 plea and sentencing hearing, at which the defendant was represented by counsel, the State proffered the following with respect to his prior Massachusetts felony convictions:

> The final thing, I believe you need for the offer of proof, Your Honor, is the Defendant does have a criminal history. Among other things it does include – it includes an assault and battery with a dangerous weapon, and an armed assault. It includes another assault with a dangerous weapon, an assault on a police officer, possession of Class B substances with intent to distribute; these are Massachusetts charges. Possession to distribute Class B

substances, 2011 distributing controlled substances cocaine, certainly qualifying offenses for the armed career criminal statute.

Defense counsel did not object to the State's offer of proof. In addition, during the plea colloquy, the trial court asked the defendant, specifically, whether "there [was] anything the State said in the offer of proof that [he] disagree[d] with," to which he responded, "No, ma'am." The defendant also confirmed for the trial court that he was pleading guilty because he was guilty and that he understood the waiver of rights form that he signed and submitted to the court.

The defendant argues that the trial court erred by denying his motion to vacate because: (1) the State, in its offer of proof in the 2016 proceeding, did not provide certified copies of the predicate prior convictions; and (2) one of the predicate convictions was later vacated. As the appealing party, the defendant has the burden of demonstrating reversible error. Gallo v. Traina, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's well-reasoned order, the defendant's challenges to it, the relevant law, and the record submitted on appeal, we conclude that he has not demonstrated reversible error. See id.

Although the defendant asserts that, without the vacated conviction, the predicate convictions did not arise from three or more criminal episodes, see State v. Folds, 172 N.H. 513, 527 (2019), we disagree. Based upon the evidence before it, the trial court reasonably could have found that, even without the vacated conviction, the defendant's predicate convictions arose from three or more criminal episodes.

The defendant also argues that the trial court erred by denying his motion for reconsideration in which he argued, for the first time, that the armed career criminal statute is unconstitutionally vague as applied to him. The trial court has discretion not to consider new issues in a motion for reconsideration. See Smith v. Shepard, 144 N.H. 262, 265 (1999). We will uphold the trial court's decision on a motion for reconsideration absent an unsustainable exercise of discretion. Walker v. Walker, 158 N.H. 602, 607 (2009). Here, we cannot conclude that the trial court unsustainably exercised its discretion by denying the defendant's motion for reconsideration in which he raised this issue for the first time.

Finally, for the first time on appeal, the defendant argues that the indictment charging him with being an armed career criminal was defective because: (1) it failed to identify specific acts that violated the statute; and (2) it failed to identify how he possessed or controlled the firearm. "The Supreme Court has held, however, that defects in indictments are not jurisdictional and thus are subject to waiver." United States v. Urbina-Robles, 817 F.3d 838, 842 (1st Cir. 2016); United States v. Cotton, 535 U.S. 625, 630 (2002); see State v. Ortiz, 162 N.H. 585, 589-90 (2011) (concluding that "any defect in the

2

indictment did not deprive the trial court of subject matter jurisdiction").  Here, the defendant waived his right to bring this non-jurisdictional challenge when he pleaded guilty to the indictment.  See Urbina-Robles, 817 F.3d at 842; see United States v. Díaz-Doncel, 811 F.3d 517, 518 (1st Cir. 2016) (holding that, absent exceptions that do not apply here, an unconditional guilty plea waives non-jurisdictional challenges to a conviction).  Unlike the defendant in Urbina-Robles, the defendant has not challenged the plea itself.  See Urbina-Robles, 817 F.3d at 842.

We decline to address the defendant's remaining arguments either because they are not preserved or are insufficiently developed for our review.  See State v. Blackmer, 149 N.H. 47, 49 (2003).

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**

3