# United States Court of Appeals
## For the First Circuit

No. 20-1869

UNITED STATES OF AMERICA,

Appellee,

v.

STEPHEN Z. HARVEY, JR.,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Denise J. Casper, U.S. District Judge]

Before

Lynch, Selya, and Barron,
Circuit Judges.

Jonathan Scott Lauer, Assistant Federal Public Defender, for appellant.
Alexandra W. Amrhein, Assistant United States Attorney, with whom Nathaniel R. Mendell, Acting United States Attorney, was on brief, for appellee.

December 9, 2021

**LYNCH**, **Circuit Judge**.    In 2011, the district court imposed its original criminal sentence against Stephen Z. Harvey, Jr., including a restitution order to the corporate victim payee. Purporting to act under Federal Rule of Criminal Procedure 36, the district court amended the restitution portion of that sentence nine years later, substituting the receiver of the corporate victim as the restitution recipient.

Although Harvey did not raise the issue in the district court, we reverse the amended restitution order on jurisdictional grounds.   Compelled by 18 U.S.C. § 3664(o), our case law which interprets an analogous provision in 18 U.S.C. § 3582, and "the general rule of finality" governing criminal convictions and sentences, see Dillon v. United States, 560 U.S. 817, 824 (2010), we hold that the district court was divested of jurisdiction over the restitution order once the order was entered as part of Harvey's final criminal judgment.   On these facts, we do not identify any statutory authority, including the Mandatory Victims Restitution Act of 1996 ("MVRA"), 18 U.S.C. §§ 3663A, 3664, that provides a basis for jurisdiction.   Because the district court invoked Rule 36 for an amendment that could not be properly made under it, the district court acted without jurisdiction.

We recognize the common-sense appeal of what the district court did and that this result benefits a wrongdoer. Nonetheless, we are bound to follow established law.

## I. Background

Only those facts necessary to frame the issues raised on appeal are discussed below.

### A. The Initial Proceedings

Harvey is the former Chief Financial Officer of Sleep HealthCenters LLC ("SHC"), a Massachusetts-based limited liability company focused on diagnosing and treating sleep disorders. In that position, he embezzled more than $600,000 of company funds by issuing company checks to himself and third parties to whom he owed money, and by manipulating SHC's accounting system to conceal those transactions.

In May 2011, Harvey was charged by information with one count of mail fraud, see 18 U.S.C. § 1341, and one count of interstate transportation of stolen property, see id. § 2314. After he waived indictment and pleaded guilty to both counts, the district court imposed a below-guideline sentence of twenty-four months' imprisonment, to be followed by three years of supervised release, as well as the restitution order we next describe.[1]

The district court further determined that the victim of the offense was SHC and ordered Harvey to pay criminal restitution

---

[1] At sentencing, the district court calculated the advisory guideline range to be thirty-seven to forty-six months of imprisonment, but, upon departing under U.S. Sentencing Guidelines Manual § 4A1.3(b), the court determined the appropriate range to be thirty-three to forty-one months.

- 3 -

to the company's then-President and Chief Executive Officer, Paul Valentine, in the amount of $635,060.70.  At the sentencing hearing, the district court rejected a lengthier sentence because of the "hefty" restitution and in order to "facilitate the prompt repayment to the victim."  The court entered the final judgment of conviction and sentence after conviction, which included the restitution order, on September 30, 2011.

B. The Dissolution of SHC and Substitution of KCP as the Restitution Payee

SHC ceased business operations in early 2013.  The Massachusetts Superior Court for Suffolk County subsequently placed SHC in a receivership, appointing as receiver KCP Advisory Group, LLC ("KCP").  KCP oversaw the sale of SHC's assets until SHC officially dissolved as a corporate entity in June 2015.  About one year later, the Suffolk County Superior Court entered final judgment terminating the receivership and discharging KCP from its obligations.

Harvey paid little of the restitution he owed, though the sentencing court had reduced his term of imprisonment in light of the restitution order.  By October 2019, Harvey had paid less than $9,000 in restitution, that is, less than two percent of his total debt.  Based on his non-payment, the government applied for a writ of continuing garnishment under 28 U.S.C. § 3205(b)(1), seeking to garnish Harvey's wages and income.  After the district

court allowed the writ in November 2019, and Harvey's employer filed an answer confirming his employment, the government moved for an order of continuing garnishment and Harvey moved, with leave of court, to quash the writ.

Harvey argued the writ of continuing garnishment should not issue because the corporate victim was no longer in business and had no successor-in-interest. The government argued in response that the court could "use its equitable powers to name KCP . . . as successor victim to SHC"[2] or, in the alternative, direct the payments to the Crime Victims Fund, established by the Victims of Crime Act of 1984, 34 U.S.C. § 20101(a).

On February 19, 2020, without a hearing, the district court denied Harvey's motion to quash and allowed the motion of the government for an order of continuing garnishment (the "February Order"). At that time, the district court did not amend the restitution order; rather, it stated that "it ha[d] authority under Fed. R. C[rim.] P. 36 to amend the judgment as to the payee

_____

[2] The government also cited United States v. Phaneuf, 91 F.3d 255, 265 (1st Cir. 1996), to support the substitution. In that case, this court affirmed the Probation Office's decision to direct restitution payments to the Federal Deposit Insurance Corporation ("FDIC") because, at the time of sentencing, the corporate victim was defunct and FDIC had been appointed as the receiver. Id. at 265. The government did not cite Rule 36 or 18 U.S.C. § 3664(o) as a basis for the court's authority.

- 5 -

of restitution."[3]  The court, in that same order, noted that "it [wa]s not clear on the [then-] current record that it [wa]s possible or feasible to have the receiver . . . substituted [] for SHC," so the court directed the government to confer with KCP "to seek reinstatement as receiver for the purpose of receiving and distributing restitution payments from Mr. Harvey."  If such reinstatement proved to be infeasible, the court stated that the restitution award would, upon the government's motion, be assigned to the Crime Victims Fund.  Harvey did not file an objection to any portion of the order and did not object to or question the assertion by the court that it had authority under Rule 36 to amend the restitution order in response to the government's motion.

In accordance with the district court's instruction, in March 2020, KCP filed in Suffolk County Superior Court an emergency motion to reopen the receivership to administer the restitution award.  The state court reopened the receivership on July 30, 2020. In the interim, none of the parties had questioned the court's authority to act under Rule 36 to substitute the receiver as the restitution payee.

---

[3]    In the electronic order, the district court misstated that "it ha[d] authority under Fed. R. Civ. P. 36 to amend the judgment as to the payee of restitution" (emphasis added), but the parties agree that the citation to the civil rules was a typographical error.

Following the allowance of KCP's motion to reopen the receivership to administer the restitution award, the district court announced in an electronic order entered on August 27, 2020 that Harvey's outstanding restitution payments were to be directed to KCP (the "August Order"). The court cited its February Order as support. The August Order did not name the Crime Victims Fund as an alternative recipient. There remained no objection or notification by the parties questioning the court's Rule 36 authority.

On September 4, 2020, the sentencing court entered the amended judgment pursuant to Rule 36, substituting KCP as the restitution payee.[4] The total amount of restitution Harvey was ordered to pay remained unchanged. Harvey appeals from that amended judgment, together with the February and August Orders.

Harvey's most telling argument on appeal is that the district court lacked jurisdiction to amend the criminal judgment. He contends the district court's reliance on Rule 36 to amend the restitution judgment was error because the Rule permits the correction of only clerical errors in a judgment and the amendment

---

[4] If the identified victim to whom restitution had been owed were a natural person, rather than a corporation, the MVRA would have permitted in the case of the victim's death the victim's legal guardian or representative to assume the victim's restitution rights. See 18 U.S.C. § 3663A(a)(2). No similar provision exists for corporate victims, so amendment of the order was deemed appropriate.

in this case was substantive in nature. He further argues the MVRA provides no basis for the court's order. For these reasons, Harvey contends the court was without authority to amend the restitution portion of his criminal judgment which was final as of 2011.

The government, in response, argues that "Rule 36 does not implicate a court's subject-matter jurisdiction." The government contends that Harvey's Rule 36 challenge is subject to plain error review because Harvey failed to object contemporaneously to the district court's reliance on the Rule. Under plain error review, the government argues, the amendment must stand. The government further contends that, in any event, the MVRA authorizes courts to substitute suitable restitution payees where, as allegedly here, the victim is "deceased" or "incapacitated." See 18 U.S.C. § 3663A(a)(2).

## II. Discussion

As we must, we start with whether the district court had subject-matter jurisdiction to amend the restitution portion of Harvey's criminal judgment. See Royal Siam Corp. v. Chertoff, 484 F.3d 139, 142 (1st Cir. 2007); see also United States v. Mercado-Flores, 872 F.3d 25, 28 (1st Cir. 2017) ("Even where, as here, no jurisdictional issue was broached in the district court, we have an affirmative obligation to examine jurisdictional concerns." (internal quotation marks omitted)). Harvey argues the district

- 8 -

court lacked such jurisdiction because 18 U.S.C. § 3582(b) renders judgments of conviction final. Subject to the narrow exceptions set forth in 18 U.S.C. § 3582(b)-(c) and other statutes, Harvey contends a district court has no authority to amend any portion of the final criminal judgment after it has entered. Our understanding of 18 U.S.C. § 3582, case law interpreting it, and "the general rule of finality" of criminal convictions and sentences, see Dillon, 560 U.S. at 824, compel us to adopt Harvey's view.

We reject the government's position that this appeal does not present a jurisdictional issue. The controlling precedents we next describe lead us to this conclusion. Subsection 3582(b) states that, "[n]othwithstanding the fact that a sentence to imprisonment can subsequently be [modified in specified ways,] . . . a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes." 18 U.S.C. § 3582(b). The Supreme Court has described this provision as reflecting "the general rule of finality." Dillon, 560 U.S. at 824; see also Freeman v. United States, 564 U.S. 522, 526 (2011) (plurality opinion). The Court has stated that, under this rule, a judgment of conviction and sentence "may not be modified by a district court except in limited circumstances" provided by statute. Dillon, 560 U.S. at 824 (citing 18 U.S.C. § 3582(b)).

This court has further described this rule of finality as prescribing the "bedrock" principle that "[s]ubject to only a handful of narrowly circumscribed exceptions, a district court has no jurisdiction to vacate, alter, or revise a sentence previously imposed." Mercado-Flores, 872 F.3d at 28 (citing Dillon, 560 U.S. at 819, and United States v. Griffin, 524 F.3d 71, 84 (1st Cir. 2008)). A district court nonetheless retains the power to "correct" certain errors in a previously imposed sentence under specific circumstances set forth in Federal Rules of Criminal Procedure 35 and 36. We have applied these principles in United States v. Griffin and United States v. Mercado-Flores.

In Griffin, the district court had relied on Rule 35(a) to vacate the defendant's prison sentence and re-sentence her several weeks later. 524 F.3d at 75, 82-83. On appeal, this court vacated the new sentence on jurisdictional grounds and remanded for re-imposition of the original sentence because the re-sentencing had taken place outside of the seven-day window then-provided in Rule 35(a). Id. at 85. This court explained that a district court has no authority to modify a previously imposed term of imprisonment, save for limited exceptions provided in, e.g., 18 U.S.C. § 3582(c). Id. at 83; see § 3582(c)(1)(B). Although Rule 35 is one of the exceptions listed in § 3582(c), the district court had failed to comply with the Rule's strictures, namely, the time limitation. Griffin, 524 F.3d at 84. This court

held that Rule 35 was jurisdictional and could not apply; so, the court did not have jurisdiction to re-sentence the defendant.  Id. at 85.

This court again vacated a district court order purporting to modify a criminal sentence in Mercado-Flores, citing to Griffin.  872 F.3d at 28-30 (citing Griffin, 524 F.3d at 84).  In Mercado-Flores, the district court sua sponte had voided the defendant's sentence twenty-four days after imposition, without identifying the source of the court's authority to do so.  872 F.3d at 29.  On appeal, this court vacated the district court's action on jurisdictional grounds.  Id. at 31.  Considering Dillon and Griffin, we explained that a district court "has no inherent power to modify a sentence after it has been imposed" and any authority to so modify must stem from an explicit statutory provision or rule.  Id. at 28-29 (citing also United States v. Ortiz, 741 F.3d 288, 292 n.2 (1st Cir. 2014)).  Finding no such provision or rule empowering the district court sua sponte to void the defendant's sentence, this court held the district court lacked jurisdiction to so act.  Id. at 29.

Applying the same principles to this case, the district court was without inherent authority to modify Harvey's criminal sentence once the final judgment was imposed on September 30,

2011.[5] That lack of authority necessarily extended to the restitution portion of the judgment because restitution was made part of his criminal sentence. United States v. Aguirre-González, 597 F.3d 46, 52 (1st Cir. 2010) ("[T]he law in this circuit remains that restitution ordered as part of a criminal sentence is a criminal penalty." (internal quotation marks omitted)); see 18 U.S.C. § 3664(o) (referring to "[a] sentence that imposes an order of restitution"). And on the facts of this case, there was no statutory provision or rule that could provide the district court with authority to modify the restitution order. As explained below, the substitution of the named restitution payee was not a correction of a "clerical error" under Rule 36. Rather, the amendment was more akin to an attempt to modify a sentence under Rule 35, but it did not comply with the time limits imposed by that Rule. See United States v. Gonzalez-Rodriguez, 777 F.3d 37, 41 (1st Cir. 2015) (noting that corrections to a criminal sentence after judgment has entered "must proceed within the confines of

---

[5] This is not to say a sentencing court that misses the ninety-day deadline "for the final determination of the victim's losses" under 18 U.S.C. § 3664(d)(5) lacks jurisdiction to declare the restitution amount after the ninety days have passed. See Dolan v. United States, 560 U.S. 605, 611 (2010). The Supreme Court held in Dolan that a sentencing court retains the power to order restitution when it makes clear prior to the ninety-day deadline that restitution was forthcoming, leaving open only the issue of amount. Id. at 608.

Fed. R. Crim. P. 35(a), unless there is some statutory basis for the requested relief").

The government challenges this conclusion, arguing that the controlling precedent just described is distinguishable from this case. The government contends, inter alia, that Griffin and Mercado-Flores depend on the finality rule set forth in 18 U.S.C. § 3582, which applies only to terms of imprisonment, not to the restitution order at issue here; so the district court retained jurisdiction over the restitution portion of Harvey's sentence under 18 U.S.C. § 3231, despite the entry of a final judgment of conviction approximately a decade before. Precedent does not support such a distinction. A parallel rule of finality is reflected in the MVRA, 18 U.S.C. § 3664(o). Compare 18 U.S.C. § 3664(o) ("A sentence that imposes an order of restitution is a final judgment notwithstanding the fact that . . . such a sentence can subsequently be [modified in specified ways]."), with id. § 3582(b) ("Notwithstanding the fact that a sentence to imprisonment can subsequently be . . . [modified in specified ways] . . . a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes."); see also United States v. Puentes, 803 F.3d 597, 599 (11th Cir. 2015) ("18 U.S.C. § 3664(o)[] provides an exhaustive list of the ways in which a mandatory restitution order can be modified.").

The government further attempts to distinguish this case from Griffin on the ground that the Griffin court considered a challenge to the district court's authority to amend a sentence under Rule 35, rather than Rule 36. 524 F.3d at 82-85. And Rule 35, the government highlights, has a time limitation that is absent from Rule 36. This distinction also does not make a dispositive difference. Although this court discussed Rule 35(a)'s time limitation, our holding in Griffin ultimately predicated the jurisdictional limitation on 18 U.S.C. § 3582 and the analysis of the rule of finality. Id. at 83-84; see Dillon, 560 U.S. at 824 (citing 18 U.S.C. § 3582(b)). This rule, again, exists in analogous form in the MVRA. See 18 U.S.C. § 3664(o). Further, the significance of the time limitation in Griffin primarily was the district court's failure to comply with it. So too here, because the district court invoked Rule 36 for an amendment that could not be properly made under it, the district court acted without jurisdiction.

We note that subject-matter jurisdiction cannot be conferred by a party's "indolence, oversight, acquiescence, or consent." United States v. Horn, 29 F.3d 754, 768 (1st Cir. 1994). Although Harvey did not object to the district court's assertion of authority under Rule 36 until this appeal, plain error review does not apply, and our review of his challenge is de novo. See United States v. George, 841 F.3d 55, 70-71 (1st Cir. 2016).

- 14 -

We conclude the district court's substitution of the restitution payee was not a correction of a "clerical error" as contemplated by Rule 36.  The Rule provides that:

> [a]fter giving any notice it considers appropriate, the court may at any time correct a <u>clerical</u> error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission.

Fed. R. Crim. P. 36 (emphasis added).  Rule 36 permits the correction of only "straightforward clerical and technical errors; it is not meant to provide an opening for litigation over the merits." <u>United States</u> v. <u>Ranney</u>, 298 F.3d 74, 81 (1st Cir. 2002); <u>see</u> <u>United States</u> v. <u>Santiago-Lugo</u>, No. 18-2112, 2019 WL 11868617, at *1 (1st Cir. Oct. 1, 2019) (unpublished) ("A correction of a judgment pursuant to Rule 36 is non-substantive.").  As the Fifth Circuit has observed, "[a] clerical error occurs when the court intended one thing but by merely clerical mistake or oversight did another."  <u>United States</u> v. <u>Varner</u>, 948 F.3d 250, 254 (5th Cir. 2020) (internal quotation marks omitted); <u>see also</u> <u>United States</u> v. <u>Robinson</u>, 368 F.3d 653, 656 (6th Cir. 2004) ("[A] clerical error must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." (quoting <u>United States</u> v. <u>Coleman</u>, 229 F.3d 1154, 2000 WL 1182460, at *2 (6th Cir. Aug. 15, 2000) (unpublished table decision)).

- 15 -

Here, the substitution of KCP as the restitution payee was not a correction of a "clerical" error. The amendment was not correcting a mistake or omission by, e.g., the clerk's office as to the restitution payee named in Harvey's judgment. To the contrary, the district court explicitly identified at sentencing SHC as the victim of Harvey's crime. That identification was accurately stated in the restitution order entered on September 30, 2011 which designated SHC's President as the restitution recipient. Cf. United States v. Portillo, 363 F.3d 1161, 1165 (11th Cir. 2004) (per curiam) (affirming the district court's assertion of authority under Rule 36 to correct defendant's written restitution judgment when the judgment did not reflect the oral sentencing pronouncement); United States v. Crawley, 463 F. App'x 418, 422 (5th Cir. 2012) (per curiam) (unpublished) (similar). Substituting the receiver as the restitution recipient nine years thereafter is not a mechanical or technical correction. It is a change that was not contemplated at sentencing and is not authorized by Rule 36. Cf. Varner, 948 F.3d at 254 ("A name change obtained six years after entry of judgment is not a clerical error within the meaning of Rule 36.").

Further, none of the avenues for modifying a sentence imposing a restitution order provided in 18 U.S.C. § 3664(o) apply

in this case.[6]  The district court could not act under Rule 35(a) here because the amendment took place nine years after the original criminal sentence was imposed, which is well outside of Rule 35(a)'s 14-day time limitation.  18 U.S.C. § 3664(o)(1)(A); Fed. R. Crim. P. 35(a); cf. Griffin, 524 F.3d at 85 (holding the time limitation imposed by Rule 35 is jurisdictional).  Section 3742 also does not apply because the amendment did not stem from an appeal of Harvey's original sentence.  See 18 U.S.C. §§ 3664(o)(1)(A)-(B), 3742.  Further, SHC's losses were ascertainable at the time of sentencing and no further losses were brought to the court's attention, so 18 U.S.C. § 3664(d)(5) is inapplicable.  Id. §§ 3664(d)(5), 3664(o)(1)(C).  So too are 18 U.S.C. §§ 3572, 3613A, and 3664(k) because the amount of restitution owed by Harvey was not "adjusted"; it remained unchanged.  Id. §§ 3572, 3613A, 3664(k), 3664(o)(1)(D).  Finally,

_____

[6]      Section 3664(o) states that a restitution order may be

> [(1)](A) corrected under Rule 35 of the Federal Rules of Criminal Procedure and section 3742 of chapter 235 of this title;
> (B) appealed and modified under section 3742;
> (C) amended under subsection (d)(5); or
> (D) adjusted under section 3664(k), 3572, or 3613A; or
>
> (2) the defendant may be resentenced under section 3565 or 3614.

18 U.S.C. § 3664(o).

Harvey was not resentenced under 18 U.S.C. §§ 3565 or 3614, making subsection 3664(o)(2) unavailable, as well.

That leaves the government's argument that KCP was authorized to assume the restitution rights of SHC pursuant to the MVRA, 18 U.S.C. § 3663A(a)(2). We hold it was not.[7] This provision states in relevant part that,

> [i]n the case of a victim who is under 18 years of age, incompetent, incapacitated, or deceased, the legal guardian of the victim or representative of the victim's estate, another family member, or any other person appointed as suitable by the court, may assume the victim's rights under this section.

Id. As a matter of first impression, we conclude the clear text of this provision permits the assumption of a victim's restitution rights only where the victim was a natural person, not a corporation. As Harvey argues, "[a] corporation cannot be 'under 18 year[s] of age' or 'incompetent' in a legal sense . . . . [And] [c]orporations do not have 'legal guardian[s],' 'estate[s],' or

---

[7] We also find the government's argument regarding the Crime Victims Fund to be misplaced. The question of whether the district court was authorized to, in the alternative, direct Harvey's restitution payments to the fund is not properly before this court. The district court had stated in the February Order that it would, on the government's motion, direct Harvey's restitution payments to the Crime Victims Fund only if KCP could not be reinstated as the receiver. KCP was reinstated as the receiver, the government did not seek to have the restitution directed to the Crime Victims Fund instead, and the amended final judgment from which Harvey appeals substituted only KCP (not the Crime Victims Fund) as the restitution payee.

'family member[s].'"  Because SHC was a corporation, 18 U.S.C. § 3663A(a)(2) did not permit KCP to "assume" SHC's restitution rights nine years after the restitution order was entered.[8]

**III.  Conclusion**

Because the district court lacked jurisdiction to amend the final criminal judgment, the amended judgment is <u>vacated</u>.

**- Concurring Opinion Follows -**

---

[8]    This holding does not preclude a district court from naming a corporate victim's successor-in-interest as the restitution payee <u>at the time the initial restitution order is imposed</u>, as was done in <u>United States</u> v. <u>Nelson</u>, No. 3:14-cr-00024, 2015 WL 7302779, at *2 (W.D.N.C. Nov. 18, 2015) (cited by the government).

**SELYA**, **Circuit Judge (concurring)**.  A Victorian saying, meant to encourage morality, admonishes that "crime does not pay." I write separately to underscore that the court's opinion in this case does not fly in the teeth of that venerable admonition.

Let me be perfectly clear.  I join unreservedly in the opinion of the court and in its holding that the district court acted without authority when it amended the criminal judgment to alter the payee of Harvey's restitution.  Importantly, though, this is not the end of the road.

To begin, I acknowledge that our vacation of the amended judgment — compelled by precedent — may appear to have an inequitable result.  After bilking more than $600,000 from his corporate victim, Harvey has paid only a paltry portion of the ordered restitution.  The district court's substitution of the receiver as the restitution payee was designed to give practical effect to Harvey's sentence.  Even though the law requires us to vacate that substitution, our opinion is limited to the district court's lack of jurisdiction to amend the judgment.  It should not be read as signifying that Harvey no longer owes any restitution.

Corporations commonly evolve.  They, like people, can cease to exist.  Although the Mandatory Victims Restitution Act of 1996 (MVRA), 18 U.S.C. § 3663A, does not provide an avenue for modifying a restitution order to substitute a restitution payee for a dissolved corporate payee in situations like Harvey's, see

<u>ante</u> at 17-19, this statutory lacuna does not lead inexorably to the conclusion that when a corporate victim named in a restitution order dissolves, restitution payments to it must abate. Here, I think it is possible that Harvey may still be held liable for the unpaid restitution amounts.

To be sure, the issue is not before us on this appeal. I want to suggest, however, that the corporate victim's entitlement to Harvey's restitution payments may still be in play. The MVRA contemplates that a victim named in a restitution order may obtain an abstract of judgment enforceable as a civil lien on a defendant's property. <u>See</u> 18 U.S.C. § 3664(m)(1)(B). But I do not read this provision as foreclosing the alternative that a "victim could initiate a separate civil suit" in which "the wrongdoer's liability would be incontestable as a result of [section] 3664(l)." <u>United States</u> v. <u>Sawyer</u>, 521 F.3d 792, 797 (7th Cir. 2008) (Easterbrook, J.). I see no reason why such a path would not be open to the receiver here: it was appointed by a Massachusetts state court, and vested with the authority to institute and prosecute litigation in the corporate victim's name to pursue claims of, or recover property or amounts due to, that corporation. So, too, the receiver was vested with all the incidental powers generally available under Massachusetts law.

There is another possible route to enforcement. It seems to be an open question whether a criminal judgment must in all

cases be amended for restitution payments to be redirected to an entity that is not named in the restitution order. In some instances, it may be appropriate for restitution payments to be collected by such an entity. This might be permissible, say, when a corporate victim and a substitute payee are deemed to be the same corporation. See United States v. Hundley, No. 02-00441, 2013 WL 12384285, at *2 (S.D.N.Y. Oct. 8, 2013) (ordering, without amending the criminal judgment, that restitution payments be issued to entity entitled to corporation's right to restitution because entity was "deemed" same corporation based on operation of federal statute); cf. United States v. Phaneuf, 91 F.3d 255, 265 (1st Cir. 1996) (affirming, on plain-error review, process by which probation department directed restitution payments to Federal Deposit Insurance Corporation even though restitution order named only defunct bank as restitution payee).

The short of it is that our vacation of the district court's amended judgment does not speak to either the viability or the enforceability of Harvey's criminal restitution obligation. Given the circumscribed nature of our holding, I think that there are avenues that the government or the receiver may yet choose to explore in order to ensure that Harvey does not receive an

undeserved windfall.[9]  To my mind, the ends of justice would be served by such exploration.

------

[9]    Of course, this problem might have been avoided had the district court, when designating a restitution payee, not only named the corporation but also specified that the order would run to the benefit of the corporation's successors and assigns. Some courts apparently have considered the MVRA's statutory definition of "victim" to be sufficiently elastic to encompass even unidentified successors. See, e.g., Judgment, United States v. Diaz-Cabrera, No. 14-109 (D.P.R. Aug. 4, 2015), ECF No. 628 (requiring restitution to be paid to "RG Premier Bank (or its successor)"); Order, United States v. Shahidy, No. 01-312 (S.D.N.Y. July 24, 2002), ECF No. 40 (ordering portion of restitution to "MicroAge, Inc., or its successors").