UNITED STATES of America, Appellee,

v.

Steven P. RAPOPORT, Defendant,
Appellant.

No. 98–1373.

United States Court of Appeals,
First Circuit.

Heard Sept. 9, 1998.

Decided Oct. 27, 1998.

Michael J. Sacchitella with whom Jantzen & Sacchitella was on brief for appellant.

Mark J. Balthazard, Assistant United States Attorney, with whom Donald K. Stern, United States Attorney, was on brief for appellee.

Before TORRUELLA, Chief Judge, CAMPBELL, Senior Circuit Judge, and STAHL, Circuit Judge.

STAHL, Circuit Judge.

Steven P. Rapoport pleaded guilty to one count of conspiring to commit wire fraud and the interstate transport of stolen property in violation of 18 U.S.C. § 371. The district court's sentence included, *inter alia*, an order of restitution and a fine. On appeal, Rapoport asks us to vacate these two elements of his sentence. Because Rapoport's notice of appeal was untimely, we dismiss for lack of jurisdiction.

*I.*

Rapoport, a lawyer, conspired with Eric Landau to defraud an elderly businessman of over two million dollars. Ultimately becoming suspicious of the pair's activity, the victim demanded an accounting. Thereafter Rapoport and Landau made numerous attempts to conceal their wrongdoing, finally resulting in the victim's filing a civil claim against them. Criminal charges followed and Rapoport subsequently pleaded guilty to one conspiracy count.

On October 24, 1997, the district court sentenced Rapoport. Six days later, Rapoport filed a "Motion to Correct Sentence as a Result of Clear Error" pursuant to Fed. R.Crim.P. 35(c). On November 3, the district court denied the Rule 35(c) motion, and on November 10, Rapoport moved for reconsideration of the denial. Although that motion was denied on November 13, the clerk's office neglected to notify Rapoport's attorney of the denial.

On January 14, 1998, after learning independently that the district court had denied the motion to reconsider, Rapoport moved to extend the time to file a notice of appeal. On February 2, while this motion was under advisement, Rapoport filed an untimely notice of appeal, which was dismissed. On March 5, 1998, Rapoport filed a motion to vacate the judgment and to re-sentence him, "for the sole and exclusive purpose of permitting him an opportunity to take a direct appeal." Rapoport claimed that he was entitled to this relief because the clerk had failed to notify him of the denial of his November 10, 1997, motion for reconsideration. After a hearing in which the government expressed no opposition, the district court granted the motion to vacate and then re-sentenced Rapoport on March 23, 1998. Rapoport immediately filed a new notice of appeal that was timely with respect to the re-sentencing.

*II.*

■ Although the parties' briefs discuss only the propriety of the lower court's sentence, we confine our focus to the question of appellate jurisdiction. *Cf. Steel Co. v. Citizens for a Better Environment*, —— U.S. ——, ——, 118 S.Ct. 1003, 1012, 140 L.Ed.2d 210 (1998). Fed. R.App. P. 4(b) requires criminal defendants to file a notice of appeal "within 10 days after the entry . . . of the judgment or order appealed from. . . ." Upon a showing of excusable neglect, the district court may extend this time limit "for a period not to exceed 30 days from the expiration of the time otherwise prescribed." *Id.* Criminal defendants therefore have a maximum of forty days (ten plus up to thirty for excusable neglect) in which to file a timely notice of appeal.[1] "Courts cannot extend

---

1. Fed.R.Crim.P. 49(c) has no effect on this forty-day window. Rule 49(c) requires the clerk to give notice of the entry of orders to the parties. The Rule also states, however, that "[l]ack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, *except as permitted by Rule 4(b) of the Federal Rules of Appellate Procedure.*" Fed. R.Crim.P. 49(c)(emphasis added). Failure of notice is therefore irrelevant to the jurisdictional rule. *See* Fed.R.Crim.P. 49 Advisory Committee Notes (1966 amendment) ("The sentence added at the end of the subdivision [ (c) ] eliminates the possibility of extension of the time to appeal beyond the provision for a 30 day extension on a showing or [sic] 'excusable neglect' . . . . No need appears for an indefinite extension without

the time period beyond the forty-day time period prescribed by Rule 4(b)." *United States v. Awalt,* 728 F.2d 704, 705 (5th Cir. 1984).

██ Certain post-trial motions do toll the running of the appeals period. *See, e.g.,* Fed. R.App. P. 4(b)(listing motions). A motion filed pursuant to Fed.R.Crim.P. 35(c), for example, tolls the running of the appeals period until the earlier of either a ruling on the Rule 35(c) motion or the passage of seven days from imposition of the sentence allegedly requiring correction. *See United States v. Morillo,* 8 F.3d 864, 869 (1st Cir.1993). After seven days, a district court no longer has power to correct a sentence pursuant to Rule 35(c). *See* Fed.R.Crim.P. 35(c) ("The court, *acting within 7 days after the imposition of sentence,* may correct a sentence that was imposed as a result of arithmetical, technical, or other clear error.")(emphasis added); Advisory Committee Notes (1991 amendment) (discussing the new rule's "stringent time requirement").

██ Compliance with the time limits set forth in Fed. R.App. P. 4(b) is "mandatory and jurisdictional." *United States v. Robinson,* 361 U.S. 220, 226 & n. 8, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960)(citing cases and describing history of predecessor to Rule 4(b)); *Morillo,* 8 F.3d at 867. Indeed, Fed. R.App. P. 26(b) explicitly prohibits this court from enlarging the time permitted for filing a notice of appeal.[2] Similarly, the time limits in Fed.R.Crim.P. 35 are "absolute": "[t]he drafters of the rule were concerned lest they pave further avenues of delay within the criminal justice system." *Morillo,* 8 F.3d at 869; *see also United States v. Fahm,* 13 F.3d 447, 453 (1st Cir.1994) (holding that seven-day period in Rule 35(c) is jurisdictional).

██ In this case, Rapoport failed to file his notice of appeal within the forty-day period, including the tolling period applicable to Rule 35(c) motions.[3] Rapoport's notice of appeal was therefore untimely and we must dismiss for lack of jurisdiction.[4]

time limit beyond the 30 day period."); *see also* 3A Charles A. Wright *et al., Federal Practice & Procedure* § 823 (2d ed. 1982 & 1998 Supp.).

2. In *Thompson v. INS,* 375 U.S. 384, 386–87, 84 S.Ct. 397, 11 L.Ed.2d 404 (1964), the Supreme Court articulated a "unique circumstances" doctrine that authorizes courts of appeals to hear appeals that would have been timely but for some error by the district court. This doctrine is not applicable to the circumstances before us. First, lack of notice alone is not a "unique circumstance," but rather is contemplated in the express language of Fed.R.Crim.P. 49(c). *See supra* at n. 1. Second, *Thompson* involved a civil case, and civil cases are governed by different rules. *See, e.g.,* Fed. R.App. P. 4(a). Third, *Thompson* included, *inter alia,* an element of reliance on an affirmative statement of the lower court not present here. *See Thompson,* 375 U.S. at 387, 84 S.Ct. 397. Last, "*Thompson* has never been invoked to allow a district court to extend the time for appeal by more than the maximum specified by Rule 4." *United States v. Dumont,* 936 F.2d 292, 295 (7th Cir.1991).

3. Because under even the most favorable calculation, Rapoport filed his notice of appeal well after the time period had expired, we need not decide whether a district court has the authority to entertain a motion for reconsideration of the denial of a Rule 35(c) motion outside the prescribed seven-day period. *Cf.* 16A Charles A. Wright, *et al., Federal Practice & Procedure* § 3950.10 n.11 (2d ed. 1996 & 1998 Supp.) (citing cases for the proposition that courts have

the power to hear some post-trial motions for rehearing that are filed within appeals period). Nor need we decide whether the pendency of such a motion for reconsideration tolls the applicable time for filing a notice of appeal. *Cf. id.; Morillo,* 8 F.3d at 869 (holding that motion styled as a "Motion to Reconsider" but construed by this court as a Rule 35(c) motion tolls the running of the time for filing a notice of appeal, but only until the seven-day time period in which the trial court has power to act expires). Nevertheless, we note that permitting a motion to reconsider like the one in the instant case would appear improperly to expand the time period laid out in Rule 35(c), a period that is both jurisdictional and strictly construed. *See Fahm,* 13 F.3d at 453.

4. The March 23 resentencing is not relevant to our calculations. Because the district court in this case lacked power to extend the time for appeal, *see United States v. Cheek,* 761 F.2d 461, 462 (8th Cir.1985) ("After that forty day period expires, there is nothing that either a district court or a court of appeals can do to extend the time . . . ."), the court's order vacating and resentencing Rapoport and his second purportedly timely appeal were without effect, *cf. Federal Trade Comm'n v. Minneapolis–Honeywell Regulator Co.,* 344 U.S. 206, 211, 73 S.Ct. 245, 97 L.Ed. 245 (1952) (holding that period for taking appeal begins to run anew only when lower court changes matters of substance in a judgment previously entered and not when previous judgment is reentered with no material change in

**4**

Our decision in this case is fully supported by decisions in other Circuits. *See, e.g., United States v. Buzard,* 884 F.2d 475, 476 (9th Cir.1989)(*per curiam*) (cited with approval in *United States v. Green,* 89 F.3d 657, 659 (9th Cir.1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 408, 136 L.Ed.2d 321 (1996)); *Awalt,* 728 F.2d at 705; *United States v. Schuchardt,* 685 F.2d 901, 902 (4th Cir.1982) (*per curiam*); *United States v. Hoye,* 548 F.2d 1271, 1272–73 (6th Cir. 1977)(*per curiam*). In *Buzard,* for example, the district court denied defendant's timely motion for a new trial on July 26, 1988. The court clerk failed to mail notice of the order to the parties. On September 23, 1988, the defendant advised the district court that he believed the motion was still under consideration. The court deemed its July order denying a new trial to have been filed on September 23, so that defendant could file a timely appeal. The Ninth Circuit dismissed the appeal for lack of jurisdiction, reasoning that the district court had not been authorized to extend the time of appeal, even if excusable neglect were shown. So it is here.[5]

### III.

For the foregoing reasons, we decline to address Rapoport's substantive arguments and DISMISS Rapoport's appeal for lack of jurisdiction.

*Appeal Dismissed.*

---

order to expand the time for appeal); *Air Line Pilots Ass'n. v. Precision Valley Aviation, Inc.,* 26 F.3d 220, 223 n. 2 (1st Cir.1994)(same).

**5.** Although Rapoport's motion to vacate and re-sentence obliquely alludes to 28 U.S.C. § 2255 and cites *Bonneau v. United States,* 961 F.2d 17, 23 (1st Cir.1992) (giving new appeal to defendant who lost his direct appeal through dereliction of trial counsel), he expressly characterizes his claim as one for "ineffective assistance of clerk" rather than ineffective assistance of counsel.

Moreover, the motion is not styled as a petition for postconviction relief under 28 U.S.C. § 2255. Especially in light of the limitations on successive § 2255 petitions established by the 1996 Antiterrorism and Effective Death Penalty Act, Pub.L. 104–132, 110 Stat. 1214 (April 24, 1996), we decline to construe it as such. Nothing in this opinion, however, precludes Rapoport from now filing such a petition. *See Bonneau,* 961 F.2d at 23.