# United States Court of Appeals
## For the First Circuit

No. 13-1243

UNITED STATES OF AMERICA,

Appellee,

v.

HECTOR MANUEL GONZALEZ-RODRIGUEZ, a/k/a Manolo,

Defendant, Appellant.


APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Aida M. Delgado-Colon, U.S. District Judge]


Before

Lynch, Chief Judge,
Stahl and Kayatta, Circuit Judges.


Hector E. Guzman, Jr., Hector L. Ramos-Vega, Thomas Trebilcock-Horan, Eric Alexander Vos, and Vivianne Marrero on brief for appellant.
Rosa Emilia Rodríquez-Vélez, United States Attorney, Nelson Pérez-Sosa, Assistant United States Attorney, and Juan Carlos Reyes-Ramos, Assistant United States Attorney, on brief for appellee.


January 23, 2015

**LYNCH, Chief Judge**.  This case is a cautionary tale for criminal defense counsel as to the need to observe the time limits for taking appeals set forth in the Federal Rules of Appellate Procedure and the restrictions on reconsideration of sentences set forth in the Federal Rules of Criminal Procedure.  Two basic lessons emerge from our consideration of the interplay between the two sets of rules.  First, self-styled "motions for reconsideration of sentence," unmoored in the rules, do not extend the time for an appeal.  The era when this court accepted such an approach in United States v. Morillo, 8 F.3d 864 (1st Cir. 1993), ended in 2002 with the amendments to the Federal Rules of Appellate Procedure, which specifically rejected Morillo.  See Fed. R. App. P. 4(b)(5) advisory committee's note (2002 Amendments). Second, Congressional enactments have deprived the district courts of their common-law authority to modify sentences at a defendant's behest unless they have before them a motion properly brought under Fed. R. Crim. P. 35(a) and act on it within 14 days of the original sentence.  See 18 U.S.C. § 3582(c).

Neither lesson was heeded here.  Defendant's failure to file a timely notice of appeal from his original sentence dooms his appeal.

## I.

On April 30, 2002, defendant Hector Manuel Gonzalez-Rodriguez pled guilty to aggravated felonious sexual

-2-

assault in state court in New Hampshire. As a result of this conviction, he was required under the Sex Offender Registration and Notification Act (SORNA), Pub. L. No. 109-248, Title I, 120 Stat. 587 (2006) (codified at 42 U.S.C. §§ 16901-16962), to register as a sex offender. Failure to register pursuant to SORNA is a federal crime. See 18 U.S.C. § 2250(a).

Gonzalez-Rodriguez engaged in a number of other criminal offenses in New Hampshire which led to convictions after his 2002 guilty plea, and he had active arrest warrants outstanding in 2010. In December 2010, defendant moved from New Hampshire to Puerto Rico. He did not notify Puerto Rican authorities of his establishing residence there, as required under SORNA. On April 26, 2011, he was charged in a one-count indictment alleging that he had failed to register in Puerto Rico as a sex offender in violation of 18 U.S.C. § 2250(a). Gonzalez-Rodriguez pled guilty to that charge on August 1, 2011, pursuant to a plea agreement.[1]

The district court held defendant's sentencing hearing on February 24, 2012. After hearing arguments from counsel, the district court orally sentenced Gonzalez-Rodriguez to 36 months imprisonment and 15 years of supervised release. The court imposed several special conditions on the term of supervised release,

---

[1] The plea agreement contained a waiver-of-appeal provision, but both parties agree that it is unenforceable because the district court did not sentence Gonzalez-Rodriguez according to the plea agreement's sentencing recommendation of 30 months imprisonment.

including conditions which require Gonzalez-Rodriguez to avoid contact with minors.[2]  After completing its recitation of the conditions of supervised release, the district court advised Gonzalez-Rodriguez that he had 14 days from the entry of judgment to file a notice of appeal.

Defense counsel kept arguing over the terms of the sentence, despite the fact that the court had already orally imposed the sentence.  She asserted that the conditions imposed by the court were unduly onerous because Gonzalez-Rodriguez's conviction was for failure to register as a sex offender rather than for a new sex offense.[3]  Counsel contended that there was no basis upon which the court could conclude that defendant was a danger to juveniles and hence no justification for the special conditions.  The district judge responded,

> What I'm going to do is give you 14 days to
> submit a motion stating the legal grounds as
> to which there should be entertained such a
> discrepancy and treatment of the law [*sic*],
> and you have my commitment that I'll look into
> it and do exactly the same type of research.

---

[2]  For example, the court forbade Gonzalez-Rodriguez from "personal, mail, telephone, or computer contact with children/minors under the age of 18 or with the victim," from "employ[ment] in a job requiring contact with children/minors under the age of 18 or with the victim," and from "involve[ment] in any children's or youth organization."

[3]  These arguments echoed earlier objections that defense counsel had made to the Probation Office's Presentence Report.

Defense counsel then raised additional arguments, and the district court asked that those arguments be included in the motion as well. The court did not alter its statement that any appeal had to be filed within 14 days of entry of judgment.

The court entered final judgment on February 28, 2012, entirely consistent with its oral judgment. Defendant took no appeal from entry of that judgment within 14 days.

On March 9, 2012, 10 days after judgment was entered, defendant filed a "Motion For Reconsideration Of Sentence," in which he argued that his sentence was "excessive and greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553" and that the district court had imposed unwarranted and unconstitutional conditions on his supervised release. The district court did not act on the motion before the 14th day after judgment was entered. It eventually denied the motion, but not until January 31, 2013. The text order stated simply that "[t]he conditions imposed are reasonably related to defendant[']s conviction and prior record." Defendant filed a notice of appeal on February 4, 2013, purporting to appeal from both the judgment and the denial of his self-styled motion for reconsideration. No prior appeal had been taken.

Defendant's opening brief on appeal argues only that the district court imposed unreasonable conditions on his supervised release. The brief fails in its obligation to first address the

existence of appellate jurisdiction, merely asserting that the appeal was timely.  See Calderón-Serra v. Wilmington Trust Co., 715 F.3d 14, 17 (1st Cir. 2013) ("'[T]he party invoking the jurisdiction of a federal court carries the burden of proving its existence.'" (alteration in original) (quoting Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995))).  The government's brief, filed on January 8, 2014, directly challenged jurisdiction. Yet defendant ignored that challenge and failed to file a reply.

This court then ordered defendant to file a reply brief on the question of jurisdiction.  In the reply brief, defendant acknowledges that the appeal failed to comply with the requirements of Fed. R. App. P. 4(b), but argues that his motion for reconsideration should make his appeal timely.  We reject this argument.  We do not reach the merits of defendant's claim as to his supervised release conditions because defendant failed to file a notice of appeal from the February 28, 2012, judgment within the time limit set by Fed. R. App. P. 4(b).

II.

The basic rule regarding time limits for criminal appeals is that "a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of either the judgment or the order being appealed." Fed. R. App. P. 4(b)(1)(A). Compliance with the time limits set forth in Fed. R. App. P. 4(b) is mandatory.  United States v. Rapoport, 159 F.3d 1, 3 (1st Cir.

1998).[4]  "Indeed, Fed. R. App. P. 26(b) explicitly prohibits [a Court of Appeals] from enlarging the time permitted for filing a notice of appeal."  Id.

Fed. R. App. P. 4(b)(3)(A) restricts to only three the types of motions that can suspend the 14-day period set forth in Rule 4(b)(1)(A): (1) a motion for judgment of acquittal under Fed. R. Crim. P. 29, (2) a motion for a new trial under Fed. R. Crim. P. 33, and (3) a motion for arrest of judgment under Fed. R. Crim. P. 34.  The advisory notes to Fed R. App. P. 4(b)(5) make clear that these are the only motions that suspend the time to appeal in criminal cases.  See Fed. R. App. P. 4(b)(5) advisory committee's note (2002 Amendments).[5]

_____

[4]  The government maintains that the Fed. R. App. P. 4(b) time limits are jurisdictional.  While earlier decisions of this court have so held, see, e.g., Rapoport, 159 F.3d at 3, several circuits have determined that, in light of recent Supreme Court guidance on the difference between jurisdictional rules and "non-jurisdictional claims-processing" rules, the Fed. R. App. P. 4(b) time limits fall in the latter category.  See United States v. Gaytan-Garza, 652 F.3d 680, 681 (6th Cir. 2011) (per curiam) (collecting cases).  See generally Bowles v. Russell, 551 U.S. 205, 209-13 (2007) (describing the difference between jurisdictional rules and claims-processing rules and holding that the time limits set forth in Fed. R. App. P. 4(a)(6) are jurisdictional).  We need not decide the question here because the time limits, even if not jurisdictional, are mandatory when raised by the government.  See, e.g., United States v. Townsend, 762 F.3d 641, 644 (7th Cir. 2014); Gaytan-Garza, 652 F.3d at 681; United States v. Sadler, 480 F.3d 932, 939-40 & n.10 (9th Cir. 2007); see also Rapoport, 159 F.3d at 3.

[5]  The 2002 amended version of Fed. R. App. P. 4(b)(5) expressly rejects the First Circuit's earlier holding in United States v. Morillo, 8 F.3d 864 (1st Cir. 1993), that the filing of a Rule 35 motion for correction of a sentence suspends the time for

Here, final judgment was entered on February 28, 2012, and defendant did not file his notice of appeal until nearly a year later, on February 4, 2013.[6] Defendant concedes that his self-styled "motion for reconsideration" is not one of the motions listed in Fed. R. App. P. 4(b)(3)(A). Defendant's appeal of the judgment of conviction was untimely.

Defendant invites us to construe his notice of appeal as an appeal from the district court's January 31, 2013, order denying his motion for reconsideration. Even if his appeal is untimely as to his original sentence, defendant argues that it is not untimely as to the denial of his motion for reconsideration. Defendant is wrong for several reasons.

This court has recently emphasized that "[t]here is simply no such thing as a 'motion to reconsider' an otherwise final sentence . . . ." United States v. Ortiz, 741 F.3d 288, 292 n.2 (1st Cir. 2014) (second alteration in original) (quoting United States v. Dotz, 455 F.3d 644, 648 (6th Cir. 2006)). In appeals

filing a notice of appeal. See Fed. R. App. P. 4(b)(5) advisory committee's note (2002 Amendments); 16A Wright & Miller, Federal Practice and Procedure § 3950.10 (4th ed. 2014) ("In 2002, Rule 4(b)(5) was amended to reject the view, taken by some courts, that a motion [for correction of a sentence] tolled the time to appeal the judgment of conviction.").

6    There was no extension of time for the notice of appeal. See Fed. R. App. P. 4(b)(4) (providing that a district court, "[u]pon a finding of excusable neglect or good cause," may grant a 30-day extension of the time in which a defendant may file a notice of appeal).

unrelated to sentencing, motions to reconsider, recognized at common law,[7] may be valid and may extend time limits, at least when filed by the government. See, e.g., United States v. Ibarra, 502 U.S. 1, 6-7 (1991). As explained in Ibarra and like cases, that is because there is no final judgment until the court rules on the reconsideration motion. See id. at 6.

But as to sentencing, Congress has eliminated the common-law practice of allowing motions for reconsideration. As well explained in United States v. Townsend, 762 F.3d 641 (7th Cir. 2014), that resulted from the passage of the Sentencing Reform Act of 1984, which encompasses 18 U.S.C. § 3582(c). Id. at 645. As we have said, under the current statutory scheme, "[o]nce a district court imposes a term of imprisonment, it may modify that term only to the extent authorized by 18 U.S.C. § 3582(c)." United States v. Griffin, 524 F.3d 71, 83 (1st Cir. 2008). That statute in turn provides, in relevant part, that a "'court may not modify a term of imprisonment once it has been imposed except that . . . the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure.'" Id. at 83 n.13 (quoting 18 U.S.C.

---

[7] At common law, there was inherent authority in the district court to allow motions for reconsideration in criminal cases, even in the sentencing context, within the "original period for review." See United States v. Healy, 376 U.S. 75, 78-79 (1964); Townsend, 762 F.3d at 645-46. There is no need to detail the history of this doctrine.

§ 3582(c)(1)(B)).  A criminal defendant who requests from the district court a correction or reduction of a sentence after judgment is entered must proceed within the confines of Fed. R. Crim. P. 35(a), unless there is some statutory basis for the requested relief.  See Townsend, 762 F.3d at 647 (holding that, because defendant "cite[d] no statute permitting" his challenge to the propriety of his sentence, "the court was authorized to proceed only within the constraints of Rule 35"); Ortiz, 741 F.3d at 292 n.2 (noting that a district court's authority to grant relief to a defendant claiming a sentencing error "stems solely from [Rule 35(a)]'s positive law, not from any inherent power"); Griffin, 524 F.3d at 83 & n.13.  Where the defendant does not identify the source for his motion, we see if it fits within Rule 35(a).

Fed. R. Crim. P. 35(a) provides that, "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."  We doubt Gonzalez-Rodriguez's motion falls within the purview of Rule 35(a), since the error of which he complained was not an "arithmetical" or "technical" mistake in the calculation of a sentence.[8]  See Fed. R. Crim. P. 35 advisory committee's note (1991 Amendments) ("The authority to correct a sentence under [Rule 35(a)] is intended to

---

[8]     Rule 35(a) covers conditions of supervised release as well as terms of imprisonment.  See United States v. Brown, 235 F.3d 2, 4 (1st Cir. 2000) ("A supervised release term is an integral part of a sentence, separate from and in addition to immurement.").

be very narrow and to extend only to those cases in which an obvious error or mistake has occurred in the sentence . . . . The subdivision is not intended to afford the court the opportunity . . . simply to change its mind about the appropriateness of the sentence.").

Even if the motion had fit within Fed. R. Crim. P. 35(a), the court did not rule on it within the time limits prescribed by that rule. The 14-day time limit of Fed. R. Crim. P. 35(a) is jurisdictional, and so "a district court choosing to resentence under that Rule must do so within [14] days of the initial sentence." Griffin, 524 F.3d at 83-85 & n.14 (collecting cases); United States v. Shank, 395 F.3d 466, 469-70 (4th Cir. 2005) (Motz, J.) (collecting cases).[9] That is, "the motion must be ruled on by the district court within [14] days, not simply filed with the clerk of court during that time." United States v. Wisch, 275 F.3d 620, 626 (7th Cir. 2001). If the 14-day time period expires with no ruling from the district court, the district judge's jurisdiction to alter the sentence is extinguished, and the motion is deemed denied as of the date the period expires. See Griffin,

_____

[9]    Griffin and Shank were interpreting an older version of Fed. R. Crim. P. 35(a), which set the time limit at 7 days rather than 14.  Rule 35(a) was amended in 2009 to "expand this period to 14 days" "[i]n light of the increased complexity of the sentencing process."  Fed. R. Crim. P. 35 advisory committee's note (2009 Amendments).

524 F.3d at 83-85; <u>United States</u> v. <u>Fahm</u>, 13 F.3d 447, 453 (1st Cir. 1994).[10]

Defendant could have avoided this outcome by filing a notice of appeal from his original sentence within 14 days of the judgment of conviction. He faced no impediment to doing so. We noted in <u>Ortiz</u> that the filing of such a notice of appeal does not deprive the district court of jurisdiction over a post-judgment motion properly before it. 741 F.3d at 291 n.1; <u>see also</u> Fed. R. App. P. 4(b)(5) ("The filing of a notice of appeal under this Rule 4(b) does not divest a district court of jurisdiction to correct a sentence under Federal Rule of Criminal Procedure 35(a), nor does the filing of a motion under 35(a) affect the validity of a notice of appeal filed before entry of the order disposing of the motion.").

The district court may share some of the responsibility for this, as it invited counsel to file a motion for which the rules likely did not provide, and to do so on a schedule likely to doom the motion even to the extent that the rules allowed it. But

---

[10] There is dicta in <u>Ortiz</u> which appeared to suggest that a district court has authority to rule on a Fed. R. Crim. P. 35(a) motion outside of the time limit set forth in the rule. <u>See Ortiz</u>, 741 F.3d at 291-92 (assuming that defendant could have appealed from the district court's denial of a Rule 35(a) motion that occurred over a month after sentence was imposed). That issue was not before the <u>Ortiz</u> court, and <u>Ortiz</u> did not purport to overrule <u>Fahm</u> or <u>Griffin</u>.

that does not excuse counsel's failure to abide by the clear deadlines of Fed. R. App. P. 4(b).[11]

                              III.

 For these reasons, we dismiss the appeal as untimely.

---

[11] We note that counsel on appeal was not trial counsel.