# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 9, 2023

Lyle W. Cayce
Clerk

No. 20-30323

———

United States of America,

*Plaintiff—Appellee,*

*versus*

Peter M. Hoffman,

*Defendant—Appellant.*

———

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:14-CR-22-1

———

Before Richman, *Chief Judge*, and Jolly and Dennis, *Circuit Judges*.
Per Curiam:

The panel does not agree on the judgment that should be rendered in this case. Judge Jolly would affirm the district court's judgment in its entirety. Chief Judge Richman would dismiss the appeal, concluding the notice of appeal was not timely. Judge Dennis would remand for an evidentiary hearing and resentencing. The net effect is that the sentence imposed by the district court stands, and the case is not remanded to the district court. The district court's judgment is AFFIRMED by an equally divided court.

No. 20-30323

Judge Jolly joins fully in the following opinion. Chief Judge Richman concurs only in Part I, and files a dissenting opinion. Judge Dennis concurs only in Parts II(A) and III, and files a dissenting opinion. The opinion of a majority of the panel is reflected only in Parts I, II(A) and III of the following opinion:

Peter Hoffman appeals the district court's resentencing order, as well as the district court's dismissal of his motion for reconsideration.

**I**

Peter Hoffman ("Hoffman"), his wife Susan Hoffman, and Michael Arata were indicted for mail fraud, wire fraud, and conspiracy to commit mail fraud. Hoffman, Susan Hoffman, and Arata jointly owned Seven Arts Pictures Louisiana, LLC (Seven Arts), through which they purchased a dilapidated mansion at 807 Esplanade Avenue in New Orleans with the goal of converting it into a film postproduction facility.[1] To offset the costs of the project, Seven Arts applied for film infrastructure tax credits offered by the State of Louisiana.[2] The program has two steps: first, applicants must file an initial tax credit application and obtain a precertification letter from the state; second, applicants must file a report tallying their production costs, which must be audited by an independent accountant.[3] The state then reviews the submitted materials and decides whether to issue the tax credits.[4] The Government alleged that Hoffman, Susan Hoffman, and Arata "submitted fraudulent claims for tax credits, mostly by (1) submitting false invoices for construction work and film equipment or (2) using "circular transactions"

---

[1] *United States v. Hoffman*, 901 F.3d 523, 531 (5th Cir. 2018).

[2] *Id.*

[3] *Id.* at 532.

[4] *Id.*

that made transfers of money between bank accounts look like expenditures related to movie production."[5]

The jury convicted Hoffman on all charged counts. Hoffman moved for a new trial as well as for a judgment of acquittal. The district court denied Hoffman's motion for a new trial but partially granted his motion for acquittal. Specifically, the court entered judgments of acquittal for Hoffman on five counts of wire fraud.

Hoffman's first presentence report (PSR) calculated an advisory sentencing range of 168 to 210 months of imprisonment, based on a total offense level of 35 and a criminal history category of I. Hoffman's offense level calculation included an 18-level increase pursuant to U.S.S.G. § 2B1.1(b)(1)(J) because Hoffman was responsible for an intended loss amount of $3,665,739.12, and a two-level increase pursuant to U.S.S.G. § 3C1.1 because Hoffman obstructed justice. The adjustment for obstructive conduct was based on Hoffman committing perjury at trial regarding claims he made for expenditures on consulting fees.

Among other objections, Hoffman objected to (1) the PSR's assertion that he had committed perjury, and thereby obstructed justice; and (2) the PSR's intended loss calculation, on the basis that the state suffered no actual or intended loss because the 807 Esplanade project was ultimately completed.

At sentencing, the district court overruled Hoffman's objections to the obstruction of justice enhancement and withheld ruling on his objection to the intended loss calculation pending a hearing on the issues of forfeiture and restitution. The court adopted then the PSR's guidelines range of 168 to

---

[5] *Id.* at 531.

210 months of imprisonment. In choosing an appropriate sentence for Hoffman, the court reasoned that there was a "serious dispute" as to whether the state suffered an actual loss. In addition, the court considered Hoffman's health issues and stated that it believed probation would be sufficient to "deter other criminal conduct." Accordingly, the district court granted Hoffman a downward variance and sentenced him to concurrent six-year terms of probation on all counts of conviction. The district court subsequently granted the Government's motion for forfeiture but denied its request for restitution of the full amount of the issued tax credits, noting that the state had suffered no actual loss because the 807 Esplanade project was ultimately completed and operated as planned.

Hoffman appealed his convictions, and the Government cross-appealed his probationary sentences as well as the district court's entry of judgments of acquittal on the five counts of wire fraud.[6] This court affirmed the judgments of conviction and reinstated Hoffman's convictions on the five counts of wire fraud.[7] But it vacated Hoffman's sentence of probation as substantively unreasonable, concluding that the circumstances of the offense and Hoffman's criminal history made probation "a variance too far."[8] In reaching that conclusion, this court relied, in part, on the "colossal" gap between Hoffman's probationary sentence and his guidelines range of 168 to 210 months of imprisonment.[9] In discussing why Hoffman's "Guideline range was so high," our court noted the "facts" that "the intended loss exceeded $3.5 million, . . . [Hoffman] abused his position of trust as a lawyer

---

[6] *Id.*

[7] *Id.* at 552.

[8] *Id.* at 559.

[9] *Id.* at 555.

to facilitate the fraud, and he obstructed justice by lying at trial."[10] Consequently, this court remanded the case for resentencing.[11]

On remand, the second PSR calculated the same offense level and advisory sentencing range as the first PSR. The second PSR also arrived at the same intended loss amount. Hoffman objected to the second PSR, again challenging its findings as to his obstruction of justice by committing perjury and the intended loss amount. A revised, third PSR maintained the same offense level and guidelines range calculations, but increased the intended loss amount.

Prior to resentencing, Hoffman moved for an evidentiary hearing on the issues of whether the Government had sufficiently proven, for purposes of the guidelines calculation, that (1) he committed perjury at trial, and thereby obstructed justice and (2) he had the subjective intent to cause a loss to the state. Finding that the issues had been fully briefed, the district court denied the motion for an evidentiary hearing. Hoffman also filed a supplemental sentencing memorandum in which he argued for another probationary sentence based on his same objections to the guidelines calculations.

At the resentencing hearing, the district court overruled Hoffman's objections to the guidelines enhancements, except for his objection to the intended loss amount, which it noted would be addressed in a written order. The court resentenced Hoffman to concurrent terms of 20 months of imprisonment on each count—a 148-month variance from the bottom of the guidelines range—followed by concurrent two-year terms of supervised release. On the same day, the district court issued a resentencing order.

---

[10] *Id.* at 555-56.

[11] *Id.* at 559.

No. 20-30323

Pertinently, the court determined that it was bound by the "mandate rule" to accept this court's implicit determination in the first appeal that Hoffman's guidelines range was 168 to 210 months, as well as the PSR's "methodology" in arriving at that range. Further, the court concluded that, for the same reason, it could not revisit Hoffman's challenges to the various guidelines enhancements, including his challenge to the intended loss amount.

The district court entered its resentencing judgment on February 19, 2020. On February 28, 2020, Hoffman filed a "motion for reconsideration" of the resentencing order. Hoffman filed a supplemental motion for reconsideration on April 24, 2020, arguing that he should be sentenced to home confinement or granted compassionate release in light of his age, his health, and the COVID-19 pandemic, which was rapidly spreading through prison facilities.

On May 14, 2020, the district court entered an order dismissing Hoffman's motion for reconsideration for lack of jurisdiction. Specifically, the court determined that its resentencing order was a final judgment that could be corrected only on appeal or through one of the limited statutorily authorized sources for a modification of his sentence, which do not include common-law motions for reconsideration. Hoffman filed a notice of appeal the next day, noting his intent to appeal the district court's resentencing order as well as the dismissal of his motions for reconsideration.

## II

### A

As an initial matter, the Government argues that Hoffman's notice of appeal—filed one day after the denial of his motion for reconsideration but 86 days after the entry of the judgment—was untimely. Federal Rule of Appellate Procedure 4(b) requires the notice of appeal in a criminal case to

6

be filed within fourteen days of the entry of the judgment.[12]  Although the timeliness of a notice of appeal in a criminal case is not jurisdictional and may be waived,[13] if the Government objects to an untimely filing a "court's duty to dismiss the appeal [is] mandatory."[14]

Rule 4(b)(3)(A) provides an exception to the fourteen-day time period provided by Rule 4(b).[15]  The rule "list[s] several motions that, if timely made, toll the time to appeal till after entry of an order denying the motion. However, a motion for reconsideration, which is a judicial creation not derived from statutes or rules, [i]s not among the motions listed."[16] Although not listed in Rule 4(b), the *Healy* doctrine provides that "despite the absence of a governing statute or procedural rule, a motion for reconsideration in a criminal case filed within the original period in which an appeal is permitted 'render[s] the original judgment nonfinal for purposes of appeal for as long as the petition is pending.'"[17]  "The effect of a timely filed motion to reconsider is to extend the time in which to appeal so that it begins to run when the motion is denied."[18]  "Thus, in essence, . . . a timely filed motion for reconsideration [has] the same tolling effect as the motions expressly addressed by [Rule] 4(b)."[19]

---

[12] FED. R. APP. P. 4(b)(1)(A).

[13] *United States v. Martinez*, 496 F.3d 387, 388 (5th Cir. 2007).

[14] *Eberhart v. United States*, 546 U.S. 12, 18 (2005).

[15] FED. R. APP. P. 4(b)(3)(A).

[16] *United States v. Brewer*, 60 F.3d 1142, 1143 (5th Cir. 1995).

[17] *United States v. Greenwood*, 974 F.2d 1449, 1466 (5th Cir. 1992) (quoting *United States v. Dieter*, 429 U.S. 6, 8 (1976)).

[18] *United States v. Lewis*, 921 F.2d 563, 564-65 (5th Cir. 1991) (citing *United States v. Healy*, 376 U.S. 75, 78 (1964)).

[19] *Brewer*, 60 F.3d at 1143.

The Government argues that Congress abrogated the *Healy* doctrine in the sentencing context through its express limits on sentence modification in 18 U.S.C. § 3582, Rule 4(b), and Federal Rule of Criminal Procedure Rule 35(a). Consequently, the Government maintains that Hoffman's notice of appeal was untimely, and we must dismiss his appeal.

## B

Given that Hoffman's sentence remains intact whether we dismiss his appeal or affirm the district court, and because I would ultimately affirm the district court on other grounds, I will assume, without deciding, that Hoffman's notice of appeal was timely.

## III

Next, we address Hoffman's argument that the district court erred in dismissing his motion for reconsideration for lack of jurisdiction. We review de novo whether the district court had jurisdiction to reconsider Hoffman's sentence.[20]

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances."[21]  "A trial judge lacks authority to correct a sentencing error unless Congress has provided otherwise. Outside of such a provision of authority, errors at sentencing may be corrected only on appeal."[22]

---

[20] *United States v. Bridges*, 116 F.3d 1110, 1112 (5th Cir. 1997).

[21] *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(b)).

[22] *United States v. Murray*, 700 F.3d 241, 243 (5th Cir. 2012) (footnotes omitted).

No. 20-30323

In Hoffman's supplemental motion for reconsideration, he requested compassionate release for "extraordinary and compelling reasons" under 18 U.S.C. § 3582(c)(1)(A) due to the COVID-19 pandemic. However, as Hoffman admitted to the district court, he did not exhaust his administrative remedies as required to bring a motion for compassionate release under § 3582(c)(1)(A). Section 3582(c)(1)(A)'s requirements are not jurisdictional but are mandatory.[23] Accordingly, although the district court had jurisdiction to consider Hoffman's compassionate release claim, the court properly dismissed the claim given that Hoffman failed to satisfy the statutory requirements.[24]

Alternatively, rather than relying on a statutory provision of authority, Hoffman argues that his motion for reconsideration is a common-law motion that the district court has jurisdiction to consider. As a general rule, a district court has common law jurisdiction to hear a motion to reconsider.[25] However, our precedent makes clear that the general rule does not apply in the sentencing context in light of Congress's limit to the circumstances in which a district court can modify a sentence of imprisonment.

In *United States v. Bridges*,[26] the district court granted a defendant's motion to reconsider his sentence.[27] On appeal, this court noted that the district court's "authority to correct or modify a sentence [wa]s limited to those specific circumstances enumerated by Congress in 18 U.S.C.

---

[23] *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020).

[24] *See United States v. Alam*, 960 F.3d 831, 836 (6th Cir. 2020) (affirming the district court's dismissal of the defendant's motion for compassionate release because the defendant failed to satisfy § 3582(c)(1)(A)'s exhaustion requirement).

[25] *United States v. Healy*, 376 U.S. 75, 78 (1964).

[26] 116 F.3d 1110 (5th Cir. 1997).

[27] *Id*. at 1111-12.

No. 20-30323

§ 3582(b)."[28]  The court concluded that the district court's modification of the defendant's sentence was not authorized under any of the provisions in § 3582(b).[29]  Accordingly, "the district court lacked jurisdiction to resentence [the defendant]."[30]

Similarly, in the unpublished decision in *United States v. Landry*,[31] a defendant asserted that his motion to reconsider his sentence "was a 'common law' motion to reconsider over which the district court had jurisdiction."[32]  This court rejected that argument, concluding that the district court did not err in denying the motion for lack of jurisdiction, because the motion did not fall under one of the limited exceptions in § 3582.[33]

Hoffman does not attempt to distinguish *Bridges* or *Landry*.  Instead, Hoffman argues that this court held in *United States v. Greenwood*[34] that a district court has jurisdiction to hear a common-law motion to reconsider a sentence.  Hoffman is incorrect.  In *Greenwood*, this court expressly chose not to resolve the question of whether a district court has non-statutory authority to resentence a defendant.[35]  This circuit's case law has since clarified that a

---

[28] *Id.* at 1112.

[29] *Id.*

[30] *Id.*

[31] 111 F. App'x 777 (5th Cir. 2004) (per curiam) (unpublished).

[32] *Id.* at 778.

[33] *Id.* (citing *United States v. Early*, 27 F.3d 140, 141-42 (5th Cir. 1994)).

[34] 974 F.2d 1449 (5th Cir. 1992).

[35] *Id.* at 1470 ("We note that the issue of whether a district court possesses a non-statutory or 'inherent' authority to correct an illegal sentence has been the subject of numerous recent appellate decisions in the various circuits.  This circuit has never squarely

No. 20-30323

district court's authority to modify a sentence of imprisonment is limited to the circumstances authorized by Congress.[36] Because Hoffman's motion for reconsideration is not authorized by a statutory provision of authority,[37] we affirm the district court's dismissal of Hoffman's motion for reconsideration.

## IV

Next, I consider Hoffman's challenges to the district court's sentencing order. Hoffman's primary argument is that the district court erred by holding that it was bound by the mandate rule on remand and thus was prevented from reconsidering Hoffman's guidelines range calculation. We review "de novo a district court's application of the remand order, including whether the law-of-the-case doctrine or mandate rule forecloses the district court's actions on remand."[38]

Under the law-of-the-case doctrine, "the district court on remand . . . abstains from reexamining an issue of fact or law that has already been decided on appeal."[39] The mandate rule is "a specific application of the general doctrine of law of the case."[40] "Absent exceptional circumstances, the mandate rule compels compliance on remand with the dictates of a superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court."[41]

---

addressed this issue . . . . We do not believe, however, that we need to reach this issue here." (footnotes omitted)).

[36] *Bridges*, 116 F.3d at 1112.

[37] *See* 18 U.S.C. § 3582(c).

[38] *United States v. Carales-Villalta*, 617 F.3d 342, 344 (5th Cir. 2010).

[39] *United States v. Teel*, 691 F.3d 578, 582 (5th Cir. 2012).

[40] *United States v. Matthews*, 312 F.3d 652, 657 (5th Cir. 2002).

[41] *United States v. Lee*, 358 F.3d 315, 321 (5th Cir. 2004).

11

"To determine whether the district court's actions on remand complied with the mandate rule, this court must determine the scope of its mandate" in our opinion vacating Hoffman's sentence and remanding the matter for resentencing.[42]  "This court has adopted a restrictive rule for interpreting the scope of the mandate in the criminal resentencing context."[43]  "[O]nly those discrete, particular issues identified by the appeals court for remand are properly before the resentencing court."[44]

Hoffman contends that the mandate rule is inapplicable in this case, and did not bar the district court from revisiting its guidelines calculation on remand, because the only issue decided on appeal was whether Hoffman's sentence of probation was substantively reasonable.  Hoffman maintains that neither the district court nor this court on appeal made an actual decision regarding his objections to the offense-level increases in his PSR based on the obstruction of justice finding and the intended loss calculation.  In response, the Government argues that the first appeal "impliedly decided that Hoffman's advisory guidelines range was proper, precluding relitigation of the issue during Hoffman's resentencing."

In the first appeal, this court did not explicitly address whether the district court committed a procedural error in calculating Hoffman's guidelines range.  Instead, the pertinent sentencing issue was whether Hoffman's sentence of probation was substantively reasonable in light of his guidelines range of 168 to 210 months of imprisonment.[45]  Yet "[b]efore a court of appeals can consider the substantive reasonableness of a sentence,

---

[42] *Id.*

[43] *Matthews*, 312 F.3d at 658.

[44] *United States v. Marmolejo*, 139 F.3d 528, 530 (5th Cir. 1998).

[45] *United States v. Hoffman*, 901 F.3d 523, 554-55 (5th Cir. 2018).

'[i]t must first ensure that the district court committed no significant procedural error.'"[46]  Thus, by reaching the issue of whether Hoffman's sentence was substantively reasonable, the court implicitly determined that the court did not commit a procedural error in calculating Hoffman's guidelines range.[47]

Further, Hoffman's guidelines range was the framework from which the court determined whether his sentence was substantively reasonable.  For instance, the court observed that "the gap" between Hoffman's 60-month probationary sentence and the recommended guidelines range was "colossal."[48]  The court explained that Hoffman's guidelines range was so high because he received guidelines enhancements "because the intended loss exceeded $3.5 million, the scheme was sophisticated, [Hoffman] led it, he abused his position of trust as a lawyer to facilitate the fraud, and he obstructed justice by lying at trial."[49]  The court characterized these findings as "facts."[50]

Consequently, the only "discrete, particular issue[] identified by the appeals court for remand" was the substantive reasonableness of Hoffman's sentence, not the calculation of his guidelines range.  By continuously relying on the guidelines range in its analysis of whether Hoffman's sentence was substantively reasonable, this court impliedly decided that the guidelines

---

[46] *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1910 (2018) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007).

[47] *Hoffman*, 901 F.3d at 562 (Dennis, J., concurring in part and dissenting in part) ("As the majority acknowledges, the district court in this case committed no procedural error: it correctly calculated the applicable Guidelines range.").

[48] *Id.* at 555.

[49] *Id.* at 555-56.

[50] *Id.* at 556.

No. 20-30323

range was proper. Accordingly, the district court did not err in holding that the mandate rule prevented it from reconsidering Hoffman's guidelines range.

## V

Finally, Hoffman contends that the district court erred on remand by not conducting an evidentiary hearing with respect to his challenges to his guidelines range. A district court's denial of an evidentiary hearing is reviewed for abuse of discretion.[51] Because I conclude that the mandate rule barred the district court from reconsidering Hoffman's guidelines range on remand, the district court did not abuse its discretion in denying an evidentiary hearing on an issue it could not consider.

For these reasons, I would hold that both the district court's order dismissing Hoffman's motion for reconsideration, and the district court's resentencing order, are AFFIRMED.

\* \* \*

Due to the lack of agreement as to the judgment to be entered in this appeal, the district court's judgment stands. The district court's judgment is AFFIRMED because the panel is equally divided.

---

[51] *United States v. Henderson*, 19 F.3d 917, 927 (5th Cir. 1994).

No. 20-30323

JAMES L. DENNIS, *Circuit Judge*, concurring in part and dissenting in part:

I concur in parts II(A) and III of the majority opinion, but dissent as to the majority's determination that the mandate rule barred the district court from reconsidering Hoffman's sentencing guidelines range in light of the evidence demonstrating that the state suffered no loss in this case. Because the prior panel's implied approval of the intended loss enhancement applied to Hoffman's guidelines range was clearly erroneous and resulted in manifest injustice in Hoffman's calculated sentencing range—both in his initial sentencing and his re-sentencing on remand—the panel should reverse the district court's resentencing order and order the district court to hold an evidentiary hearing to allow it to re-calculate Hoffman's sentencing guidelines range.

While the mandate rule generally forecloses a district court from reconsidering any issues decided by an appellate court, it is not without exceptions. *United States v. Lee*, 358 F.3d 315, 320–21 (5th Cir. 2004). For example, a district court may reexamine issues already decided by the appellate court if the appellate court's decision "was clearly erroneous and would work a manifest injustice." *United States v. Pineiro*, 470 F.3d 200, 205–06 (5th Cir. 2006); *see also U.S. v. Vahlco Corp.*, 895 F.2d 1070, 1072 (1990). Here, while the district court determined that it need not follow this court's erroneous prior determination that Hoffman had been sentenced to probation before this case, the district court did not consider whether this exception also applied to the intended loss enhancement applied to Hoffman's sentencing guidelines range, despite explicitly lamenting the

15

error and unfairness of the enhancement.[1] This is precisely the situation[2] where the manifest injustice exception to the mandate rule may be used to prevent the imposition of an unfairly harsh and erroneous sentencing enhancement.

The prior panel's determination regarding the intended loss amount was clearly erroneous. As explained in my dissent in the prior appeal in this case, and reiterated by the district court on remand, the state did not actually incur the $3.6 million intended loss amount used in adding an 18-level enhancement to Hoffman's sentencing guidelines range. *See United States v. Hoffman*, 901 F.3d 523, 563 (5th Cir. 2018), *as revised* (Aug. 28, 2018) (Dennis, J., dissenting) ("That the state ultimately suffered no loss is all the more significant because Peter's Guidelines range was only as high as it was because of an 18-level enhancement for the $3.6 million 'intended loss' calculated in the PSR, a loss the state did not actually incur.").[3] The

---

[1] As noted by the district court, "[n]ot only did the reality of a completed project (and the State forensic auditor's best estimate of qualifying project expenditures) negate actual loss, but it would appear to call into question -- or at least hinder the ability to show by a preponderance -- subjective intended loss as well." *See also United States v. Nielson*, 455 F. App'x 526, 527 (5th Cir. 2011) ("The government has the burden of proving by a preponderance of the evidence the facts that support a sentencing enhancement.").

[2] The government argues that Hoffman waived any argument that the district court could have departed from the mandate rule because he did not argue that any of the exceptions applied. But Hoffman did object. He consistently objected to the intended loss enhancement applied to his sentencing guidelines range throughout this litigation, including during his resentencing and on appeal.

[3] While I commented in my prior dissent that "the district court in this case committed no procedural error: it correctly calculated the applicable Guidelines range," I also noted that our court was foreclosed from reweighing the sentencing factors, and as such, the district court was well within its discretion to impose a lighter sentence than that recommended by the sentencing guidelines in this light of these extenuating circumstances that rendered this a no-loss, victimless crime. *Hoffman*, 901 F.3d at 563-64 (Dennis, J., dissenting).

application of the erroneous 18-level enhancement, which constituted the majority of Hoffman's final 35-point[4] offense level, resulted in a manifest injustice by condemning Hoffman to a recommended sentence substantially higher than that warranted by the facts of this case. *See Vahlco*, 895 F.2d at 1072 (declining to follow portion of prior decision that would lead to "manifestly unjust" result). Because the prior panel's acquiescence to the inflated and inaccurate intended loss amount resulted in a manifest injustice in the calculation of Hoffman's sentencing guidelines range, the panel should reverse the district court's resentencing order and remand with instructions that the district court assess the applicability of the manifest injustice exception to the mandate rule and hold an evidentiary hearing to reconsider the factual basis for the intended loss enhancement.

Based on the foregoing, I respectfully dissent with respect to the majority's determination that the mandate rule precluded the district court from holding an evidentiary hearing to reconsider Hoffman's guidelines range given that the intended loss enhancement was based on erroneous facts and resulted in a manifest injustice. I concur in the remaining portions of the majority opinion.

---

[4] In the absence of the 18-level enhancement based on the purported intended loss amount, Hoffman's recommended sentencing range would have been 24-30 months, rather than the 168-210 months sentence recommended by the Guidelines. *See* U.S. SENT'G GUIDELINES Manual ch. 5 pt. A (U.S. SENT'G COMM'N 2018).

No. 20-30323

PRISCILLA RICHMAN, *Chief Judge*, dissenting:

I write separately because I would dismiss Hoffman's appeal as untimely. Hoffman argues that his notice of appeal was timely because, under the *Healy* doctrine,[1] his motion for reconsideration suspended the time to file a notice of appeal. I would follow the First and Seventh Circuits and hold that Congress abrogated the *Healy* doctrine in the sentencing context.[2]

Under the Sentencing Reform Act of 1984, which encompasses 18 U.S.C. § 3582(c), a district court "may not modify a term of imprisonment once it has been imposed except" in a few limited circumstances.[3] In this case, Hoffman identified 18 U.S.C. § 3582(c)(1)(A) as the statutory basis for his motion for reconsideration. However, Hoffman first raised his claim under § 3582(c)(1)(A) in his supplemental motion, which was filed more than 14 days after the entry of the judgment. Accordingly, Hoffman's supplemental motion was not "filed within the original period in which an appeal is permitted" and therefore cannot suspend the time to file a notice of appeal, even under the *Healy* doctrine.[4] Only Hoffman's original motion for reconsideration, which was filed within 14 days of the entry of the judgment, can be considered in determining whether the motion suspended the time to file a notice of appeal.

---

[1] *United States v. Healy*, 376 U.S. 75, 78 (1964).

[2] *United States v. Townsend*, 762 F.3d 641, 645 (7th Cir. 2014) ("Congress long ago abrogated this common-law practice in the sentencing context."); *United States v. Gonzalez-Rodriguez*, 777 F.3d 37, 41 (1st Cir. 2015) ("[A]s to sentencing, Congress has eliminated the common-law practice of allowing motions for reconsideration.").

[3] 18 U.S.C. § 3582(c); *see also Gonzalez-Rodriguez*, 777 F.3d at 41.

[4] *United States v. Greenwood*, 974 F.2d 1449, 1466 (5th Cir. 1992) (quoting *United States v. Dieter*, 429 U.S. 6, 8 (1976)).

No. 20-30323

Hoffman offers no statutory basis for his requested relief in the original motion for reconsideration. When there is no statutory basis for a criminal defendant's motion for reconsideration of sentence, the defendant "must proceed within the confines of [Federal Rule of Criminal Procedure] 35(a)."[5] Prior to the Sentencing Reform Act, Rule 35(a) broadly allowed district courts to "correct an illegal sentence at any time."[6] The Sentencing Reform Act amended Rule 35, eliminating a district court's power to modify a sentence except on remand.[7] "Even after this change in the law, however, a few courts held that district judges retained some inherent authority to correct sentencing errors within the time allowed for filing an appeal."[8] Rule 35 was amended again in 1991 "to curtail that development."[9]

Today, Rule 35(a) provides that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."[10] Further, the 2002 amendment to Federal Rule of Appellate Procedure 4(b) clarified that "[t]he filing of a motion under Federal Rule of Criminal Procedure 35(a) does not suspend the time for filing a notice of appeal from a judgment of conviction."[11] Therefore, Hoffman's motion did not suspend the time for filing a notice of appeal and Hoffman

---

[5] *Gonzalez-Rodriguez*, 777 F.3d at 41.

[6] FED. R. CRIM. P. 35, Rule Applicable to Offenses Committed Prior to Nov. 1, 1987.

[7] Sentencing Reform Act of 1984, Pub. L. No. 98-473, Title II, ch. II, § 215(b).

[8] *United States v. Townsend*, 762 F.3d 641, 645 (7th Cir. 2014) (citing *United States v. Cook*, 890 F.2d 672, 675 (4th Cir. 1989)).

[9] *Id.*

[10] FED. R. CRIM. P. 35(a).

[11] FED. R. APP. P. 4(b)(5).

was required to file his notice of appeal within the 14-day time period of Rule 4(b).

Our precedent in *United States v. Greenwood*[12] does not compel a different result. In *Greenwood*, the court applied the *Healy* doctrine and held that the Government's motion to reconsider the defendant's sentence suspended the time period for the Government to file a notice of appeal.[13] When *Greenwood* was decided it was still unsettled "whether a district court possesses a non-statutory or 'inherent' authority to correct an illegal sentence."[14] The court concluded that it "need take no position on the extent of the district court's retained corrective powers, if any," concluding that it was "enough . . . that the government's reconsideration motion cannot under today's case law, be said to have been unquestionably and blatantly outside the district court's jurisdiction to resolve."[15]

Since *Greenwood*, our case law has clarified that a district court cannot modify a term of imprisonment after it is imposed unless authorized by 18 U.S.C. § 3582.[16] Further, *Greenwood* was decided prior to the 1991 amendment to Rule 35 and the 2002 amendment to Rule 4(b).[17] The court in *Greenwood* recognized that "Congress or the bodies collectively responsible for adopting the Federal Criminal Rules [could] send a clearer signal that [the *Healy* doctrine] is not still the law."[18] The amendments to

---

[12] 974 F.2d 1449 (5th Cir. 1992).

[13] *Id.* at 1471.

[14] *Id.*

[15] *Id.* (quoting *United States v. Carr*, 932 F.2d 67, 72 (1st Cir. 1991)).

[16] *United States v. Bridges*, 116 F.3d 1110, 1112 (5th Cir. 1997).

[17] *See Greenwood,* 974 F.2d at 1470 n.17.

[18] *Id.* at 1471 (quoting *Carr*, 932 F.2d at 71).

Rule 35(a) and Rule 4(b) did just that.  Consequently, *Greenwood* does not control this case.

For these reasons, Hoffman's motion for reconsideration did not suspend the time period for him to file a notice of appeal.  Because Hoffman failed to file a notice of appeal within 14 days of the entry of the judgment, his appeal is untimely.  Accordingly, I would dismiss the appeal.  However, were we to have jurisdiction, I agree fully with the panel's analysis of all other issues.